## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### KATE O'NEIL, EXECUTRIX OF OWEN O'NEIL, DECEASED v. CITY OF RICHMOND.

#### January 15, 1925.

1. MUNICIPAL CORPORATIONS—*Actions for Injuries Against—Notice of Claim.*—The charter of the city of Richmond, §19-g, as amended by Acts of 1918, page 182, provides that no action shall be maintained against the city for damages for an injury to person or property through negligence of the city or its officials, unless a verified statement of the nature of the claim is filed with the city attorney within six months after the cause of the action arose.

   *Held:* That the provision is constitutional, and this although the wrong complained of was done in the city's private and not in its governmental capacity.

2. MUNICIPAL CORPORATIONS—*Actions for Injuries Against—Notice of Claim.*—It is undoubtedly within the power of the legislature to impose upon a person claiming damages for negligence against a municipality the duty of giving notice to the municipality of his claim before bringing an action, and it is not a violation of the constitutional rights of the injured party or an unwarranted discrimination between municipal and private corporations to require the giving of notice, within a limited period, or the presentation of a claim to the municipal authorities as a condition precedent to an action at law, or to an action at law of a certain class, against a municipal corporation, provided such requirement be not unreasonable.

3. MUNICIPAL CORPORATIONS—*Actions for Injuries Against—Notice of Claim.*—Provisions for notice of claim for damages against a municipality are construed as mandatory, a condition precedent to the right to sue, and are universally upheld.

4. STATUTES—*Constitutional Law—Supremacy of Legislature.*—The supremacy of the General Assembly in all respects, save as limited by the Constitution, is certainly well settled.

5. MUNICIPAL CORPORATIONS—*Creations of Statute.*—Municipal corporations are created by law, all of their powers are derived from the statutes creating them, and all of their liabilities are thereby imposed.

6. MUNICIPAL CORPORATIONS—*Notice of Claim—Reason for Statute.*—The

reasons for statutes requiring notice of claim to be given municipalities before action have been frequently indicated. They afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such statutes tend to discourage and avoid the expense of litigation, because if the investigation discloses legal liability a prompt settlement is both proper and probable. They also tend to prevent perjury and fraud as well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past before they are called upon to testify and thus better to safeguard against unfounded claims.

7. Municipal Corporations—*Notice of Claim—City Water Works.*—The mere fact that the negligence complained of is alleged to have arisen out of the operation of the city water works does not take the case out of the operation of a statute requiring notice of claim to be given a city before an action may be maintained against it for negligence. Such statutes can be made applicable to such actions as this, as well as to actions growing out of the strictly governmental functions of the city.

8. Municipal Corporations—*Notice of Claim—Provision not Confined to Negligence as to Streets.*—The provision in charter of the city of Richmond, §19-g, as amended by Acts of 1918, page 182, in regard to notice of claim to be given the city attorney in negligence cases is not limited to negligence in the construction or maintenance of streets.

9. Statutes—*Construction—Plain Language.*—Generally, when the meaning of language is plain, and to accord its obvious meaning to it leads to no absurd results, and to nothing which is inconsistent with other statutes, the rules which govern the construction of language which is obscure do not apply. Such rules are only aids to be used when needed to clarify obscurities.

10. Statutes—*Title—One Object to be Expressed in Title—Charter Provision Requiring Notice of Claim.*—It was objected to the provision of the charter of the city of Richmond, prohibiting actions based on negligence except after notice of the claim, that it contravened §52 of the Constitution of 1902, which provides that no law shall embrace more than one object, which shall be expressed in its title. The title was stated to be to amend and re-enact certain specified sections of the charter of Richmond, followed by a digest of every material change made in the charter as it had theretofore existed, while the specific object so far as it relates to the requirement of notice in all negligence cases is expressed in the title in language which cannot be misunderstood.

   *Held:* That there was no merit in the objection.

11.. CONSTITUTIONAL LAW—§4 *of Bill of Rights—Exclusive Privileges—Notice of Claim for Negligence.*—The provision of the charter of the city of Richmond requiring notice of claim in negligence cases does not contravene §4 of the Bill of Rights against special privileges.

.12. CONSTITUTIONAL LAW—§4 *of Bill of Rights.*—This clause was intended to shield against heredity in office and has no reference to the private relations of the citizens or to the action of the legislature in passing laws regulating the domestic policy and business affairs of the people, or any portion of them.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by warrant against the city of Richmond. Judgment for the city. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Sands, Williams & Lightfoot* and *H. S. Burnett*, for the plaintiff in error.

*James E. Cannon*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error sued out a warrant against the city of Richmond, alleging negligence and resulting damages to certain real estate inundated by defective water pipes owned and operated by the city of Richmond.

The defendant moved the dismission of the warrant because no verified written statement of the claim had been furnished the city attorney within six months of the injury complained of, relying upon the requirement of section 19g of the charter of the city, as amended, Acts 1918, page 182. This motion was sustained, first by the trial justice, and then by the trial court, on appeal, and the plaintiff is here assigning error.

The provision to be construed reads thus: "No action shall be maintained against the said city for damages for an injury to any person or property alleged to have been sustained by reason of the negligence of the city, or of any officer, agent, or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, of the nature of the claim and of the time and place at which the injury is alleged to have occurred, or been received, shall have been filed with the city attorney of said city within six months after such cause of action shall have accrued." It is admitted that the notice required by this statute was not given.

[1, 2] 1. The validity of this provision is attacked as inapplicable to the plaintiff's claim upon the ground that the wrong complained of was done by the city in its private and not its governmental capacity, and therefore that the city is liable just as an individual or a private corporation would be.

There are many cases involving such statutes, and there is little conflict in the decisions. Such differences as exist arise only out of the construction of different statutes.

The general rule is thus clearly and succinctly stated in 19 R. C. L., section 329, page 1040: " * * it is undoubtedly within the power of the legislature to impose such a requirement, and it is not a violation of the constitutional rights of the injured party or an unwarranted discrimination between municipal and private corporations to require the giving of notice within a limited period, or the presentation of a claim to the municipal authorities as a condition precedent to an action at law, or to an action at law of a certain class, against a municipal corporation, provided such requirement be not unreasonable." The cases there cited fully sustain this comprehensive statement.

[3] In 6 McQuillin on Mun. Corp., section 2714, it is said that such provisions are construed as mandatory, a condition precedent to the right to sue and are universally upheld. 28 Cyc. page 1447.

The support, so far as we are advised, for the distinction claimed, is suggested by the cases of *D'Amico* v. *Boston*, 176 Mass. 599, 58 N. E. 158, where the language of the statute is not given, and *Henry* v. *City of Lincoln*, 93 Neb. 331, 140 N. W. 664, 50 L. R. A. (N. S.) 174. These cases appear to stand alone, and in the latter case there was a strong dissenting opinion. Generally, the courts have made no reference to such a distinction, but have confined themselves to construing the particular statute involved.

[4, 5] The supremacy of the General Assembly in all respects, save as limited by the Constitution, is certainly well settled. *Town of Danville* v. *Pace*, 25 Gratt. (66 Va.) 9, 18 Am. Rep. 663; *Whitlock* v. *Hawkins*, 105 Va. 248, 53 S. E. 401; *Button* v. *State Corporation Commission*, 105 Va. 634, 54 S. E. 769. Certainly this power must be exercised as to municipal corporations. They are created by law, all of their powers are derived from the statutes creating them, and all of their liabilities are thereby imposed. *White* v. *Nashville*, 134 Tenn. 688, 185 S. W. 721, Ann. Cas. 1917D, 961.

[6] The reasons for these statutes have been frequently indicated. They afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such statutes tend to discourage and avoid the expense of litigation, because if the investigation discloses legal liability a prompt settlement is both proper and probable. They also tend to prevent perjury and fraud as

well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past before they are called upon to testify and thus better to safeguard against unfounded claims. *Tenn.* v. *City of Helena*, 42 Mont. 127, 111 Pac. 715, 36 L. R. A. (N. S.) 1136; *Weisman* v. *New York*, 219 N. Y. 178, 114 N. E. 70, Ann. Cas. 1918E, 1023.

In this case there is emphasis upon the fact that this injury is alleged to have occurred from the negligence of the city in connection with the water supply which is maintained by it. The case of *Frasch* v. *New Ulm*, 130 Minn. 41, 153 N. W. 121, L. R. A. 1915E, 749, was a case in which the action was based upon illness caused by the use of contaminated water negligently supplied from water works owned and operated by the city. The point was there made that the requirement of notice under that statute should be confined to actions involving or pertaining to the public or governmental functions of the city, and not to cases of private endeavor which it might enter upon, such as the maintenance of water works, etc. The court, however, declined to sustain that contention and interpreted the statute as applicable. .

The case of *Henry* v. *Lincoln, supra,* is referred to in the opinion, and it is said that that decision turns upon an interpretation of the Nebraska statute and not upon any constitutional limitation on the power of the legislature.

*Condon* v. *Chicago*, 249 Ill. 596, 94 N. E. 976, also either ignores or declines to apply this limitation.

Of the power to impose such conditions there can be no fair question, and the proper inquiry in such cases is as to the true construction of the statute under review. *Berger* v. *Salt Lake City*, 56 Utah 403, 191 Pac. 233, 13 A. L. R. 10; *Sheehy* v. *City of New York*, 160 N. Y. 143, 54 N. E. 749.

In *Curry* v. *City of Buffalo*, 135 N. Y. 366, 32 N. E. 80, this is said as to a similar charter provision: "The action cannot be maintained unless notice of the intention to commence it, and of the time and place of the injury, shall have been filed with the counsel to the corporation, and a failure to file the notice furnishes a defense to the action. The filing of the notice is a condition precedent to the maintenance of the action. * * * The whole matter of the maintenance of this class of actions was within the control of the legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions."

And in *MacMullen* v. *City of Middletown*, 187 N. Y. 37, 79 N. E. 864, 11 L. R. A. (N. S.) 391, it is said with reference to the *Curry Case* that "this statement of the rule was deliberate, and, in my opinion, it is correct, when the nature and functions of municipal corporations are considered."

[7] We conclude, then, that the mere fact that the negligence is alleged to have arisen out of the operation of the water works of the city is immaterial, and that such statutes can be made applicable to such actions as this as well as to actions growing out of the strictly governmental functions of the city.

2. The second contention is that the language of this statute is such that the provision should only be construed to apply to actions for negligence in the construction and maintenance of the streets, alleys and parks.

[8, 9] Referring to the language to be construed, then, we find that it occurs in a section which relates to the power of the city over its streets, and in that section it is also provided that in any action against the city to

recover damages for negligence in the construction of its streets, alleys and parks, where some other person is liable with the city for such negligence, every such person shall be joined as defendant with the city in an action brought to recover damages for such negligence. This provision for joinder immediately precedes the one to be construed, and by its terms is limited to actions growing out of negligence in the construction and maintenance of the streets, alleys, and parks. The independent clause of the statute here to be construed, however, contains no such limitation; and if it were to be imposed, it would only be because of the context. There is certainly nothing in the language used which suggests any limitation whatever, except that the actions referred to are those which are based upon negligence. Generally, when the meaning of language is plain and to accord its obvious meaning to it leads to no absurd results and to nothing which is inconsistent with other statutes, the rules which govern the construction of language which is obscure do not apply. Such rules are only aids to be used when needed to clarify obscurities. As the limitation asserted is neither expressed nor implied by the words of the statute, this court will not engraft it thereon by a construction which does violence to its language.

Then, the title of the act itself also illuminates and expresses the legislative intention, for we find there, in stating the general purpose of a great many amendments made to the city charter at the same time, this language: "* * the general object of which amendments, added sections and repeal of sections is to require claimants for damages occurring by reason of the negligence of the city to give notice of such claim; * *"

A few of many other cases in which the statutes under review are construed to limit the requirements of notice

to actions arising out of defects in the streets, or to certain contractual obligations, are *Moran* v. *St. Paul,* 54 Minn. 279, 56 N. W. 80; *McIntee* v. *City of Middletown,* 80 App. Div. 434, 81 N. Y. S. 124; *Giuricevic* v. *Tacoma,* 57 Wash. 329; 106 P. 908, 28 L. R. A. (N. S.) 533; *Kelly* v. *Madison,* 43 Wis. 638, 28 Am. Rep. 576; *Jung* v. *Stevens Point,* 74 Wis. 547, 43 N. W. 513; *McGaffin* v. *Cohoes,* 74 N. Y. 387, 30 Am. Rep. 307.

The language here under review is so clear as to carry its own obvious meaning; indeed, it is difficult if not impossible to suggest any more clear or comprehensive words to express the purpose to prohibit the institution or maintenance of any action whatever against the city based upon negligence, except after such notice. For this court to put any limitation upon this clear and comprehensive language would be to defeat the purpose so clearly stated in the title as well as in the text.

[10] 3. It is claimed that the amendment contravenes that portion of section 52 of the Constitution which provides that no law shall embrace more than one object which shall be expressed in its title. We think that a mere recital of the title is sufficient to show that this contention is not well founded. That title provides specifically for the amendment and re-enactment of eighty-five sections, including section 19-g, of the charter, for the addition of nine sections, and the repeal of thirty-one sections by number, and then states the subject and object of these amendments in this language: "* * the general object of which amendments, added sections and repeal of sections is to require claimants for damages occurring by reason of the negligence of the city to give notice of such claim; to limit the time in which suit shall be brought to recover land opened to and used by the public as a street or alley; to divide the government of the city of Richmond into six depart-

ments; to provide for the appointment, qualification and duties of the head of each of said departments; to enlarge the powers and duties of the mayor; to create a board to be known as the advisory board of the city of Richmond and define their powers and duties: to provide for the better assessment, collection and levy of taxes; to authorize the council of the city of Richmond to pass ordinances deemed necessary to cure defects in the making of such levies and assessments of taxes; to abolish the board known as the administrative board of the city of Richmond; to abolish the board known as the board of fire commissioners of the city of Richmond, and to provide for the holding of an election by the people to finally determine whether or not the said amendments shall become effective as a part of the charter of the city of Richmond."

The title, then, is stated to be to amend and re-enact certain specified sections of the charter of Richmond, followed by a digest of every material change made in the charter as it had theretofore existed, while the specific object so far as it relates to the requirement of notice in all negligence cases is expressed in the title in language which cannot be misunderstood.

This question has been so frequently treated by this and other courts that we think it unnecessary to do more than refer, as conclusive of this question, to two comparatively recent cases in which many other cases are cited. They are, *Commonwealth* v. *C. & O. Ry. Co.*, 118 Va. 267, 87 S. E. 622; *Town of Narrows* v. *Giles County*, 128 Va. 580, 105 S. E. 82.

[11, 12] 4. It is also contended that the act contravenes section 4 of the Bill of Rights, which provides that "no man or set of men is entitled to exclusive or separate emoluments or privileges from the community, but in consideration of public services; which,

not being descendible, neither ought the offices of magistrate, legislator or judge to be hereditary."

This question, too, has been sufficiently discussed in two cases in this jurisdiction which conclusively determine the question adversely to the plaintiff. *Town of Danville* v. *Pace,* 25 Gratt. (66 Va.) 1, 18 Am. Rep. 663; *Smoot* v. *Building Association,* 95 Va. 686, 29 S. E. 746, 41 L. R. A. 589. In the latter case, which involved a special statute relating to a building association, it is held that this clause was intended to shield against heredity in office and has no reference to the private relations of the citizens or to the action of the legislature in passing laws regulating the domestic policy and business affairs of the people, or any portion of them. This will clearly appear by reference to the various cases there cited, and there is such a convincing finality about the opinion of Keith, P., in that case that further discussion might be construed as doubting that which is there shown to be obvious.

Our conclusion then is that the judgment is plainly right.

*Affirmed.*