## Richmond

LONEY L. DANIEL V. CITY OF RICHMOND.

December 2, 1957.

Record No. 4694.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*G. Kenneth Miller* (*John G. May, Jr.; John W. Fussell,* on brief), for the plaintiff in error.

*J. Elliott Drinard, City Attorney,* for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Loney L. Daniel instituted this action against the city of Richmond and Virginia Electric and Power Company, to recover compensation for personal injuries sustained when his hand came in contact with a high tension electric wire, alleged to have been negligently erected and maintained by defendants, and each of them, in dangerous proximity to an exit or fire escape of a building located on Williamsburg Avenue, Richmond, Virginia, where he worked.

It was alleged in the motion for judgment that notice of the injury suffered by plaintiff "was filed with said city as required by law." The city in a special plea, entitled "Plea in Abatement," denied this allegation and averred that plaintiff did not give the city, within 60 days from the date of the accident, written notice of the nature of his claim and of the time and place his injury was received as required by Code, § 8-653, and § 10.04(b) of the charter of the city of Richmond. The issue thus raised was, on stipulation of facts, submitted to the trial judge who sustained the plea and dismissed the action as to the city, and continued the case as to Virginia Electric and Power Company. From the judgment dismissing the city as a party defendant, plaintiff obtained this writ of error.

The applicable provisions of Code, § 8-653 and § 10.04(b) of the city's charter are substantially the same. The pertinent provisions of the statute are:

"No action shall be maintained against any city or town for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city or town, or of any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney or town attorney, or with the mayor, or chief executive, within sixty days after such cause of action shall have accrued, except that when the claimant is an infant or non compos mentis, or the injured party dies within such sixty days, such statement may be filed within one hundred and twenty days; and statements pursuant to this section shall be valid, notwithstanding any contrary charter provision of any city or town."

The facts to which the parties agreed are: On May 17, 1954, while in the course and scope of his employment by the Fibre Board Container Corporation, plaintiff received serious and permanent injuries from contact with a wire transmitting approximately 2500 volts of electric current to the city's gas plant. He was taken immediately to the hospital of the Medical College of Virginia where he remained 72 days, during which time he was totally incapacitated, suffered severe pain and underwent four operations. While in the hospital plaintiff accepted, from time to time, compensation from his employer's insurance carrier.

The day after the accident plaintiff's employer, by telephone,

notified the Department of Public Works of the city of the incident. Soon thereafter the city investigated the place of the accident and changed the location of the wire on the poles. On July 6, 1954, the city refused a verbal request of an agent of the insurance carrier to give him information as to the ownership of the wire and poles.

No further steps were taken in the matter by, or on behalf of, plaintiff until July 21, 1954, five days after the expiration of the 60 day period, when an agent of the insurance carrier addressed a letter to the Department of Public Utilities of the city stating the time and place of the accident, and asserting a lien under Code, § 65-38 "against any payments you may make" to plaintiff. A copy of this letter was not delivered to the City Attorney until July 26, 1954, ten days after the expiration of the 60 day period. In our view of the case, it is unnecessary to determine whether the letter, even if delivered in time, was a sufficient compliance with the statute.

Plaintiff admits that he did not give the city written notice of his claim within the time required by the statute and the city's charter, but contends that because of his total incapacity and the fact that within the 60 day period the city had actual knowledge of the time and place of the accident, he should not be barred from maintaining his action against the city.

There is a conflict in the authorities as to whether any circumstances not specifically stated in a statute or municipal charter, such as mental or physical disability or infancy, are sufficient to excuse the failure to give a municipality notice of a tort claim within the time required by such statute or municipal charter. These conflicting views are discussed at length in an annotation to *Brown* v. *Board of Trustees of Hamptonburg*, 34 A.L.R. 2d 720. See also, 38 Am. Jur., Municipal Corporations, § 703 *et seq.*, p. 405 *et seq.*; 63 C. J. S., Municipal Corporations, § 927 *et seq.*, p. 375 *et seq.* However, it is needless to review or discuss the cases cited by appellant from other jurisdictions because the question presented is settled by our own decisions.

Prior to 1948 the law in Virginia was that giving the notice required by a municipal charter or by statute was a condition precedent to the maintenance of an action against a city based on its negligence. The giving of the required notice was jurisdictional, and hence the court had no authority to hear and determine the case in the absence of allegation and proof that such notice had been given. *O'Neil* v. *Richmond*, 141 Va. 168, 126 S. E. 56; *Portsmouth* v. *Weiss*, 145 Va.

94, 133 S. E. 781; *Wright* v. *Richmond,* 146 Va. 835, 132 S. E. 707; *Bowles* v. *Richmond,* 147 Va. 720, 129 S. E. 489, 133 S. E. 593; *Richmond* v. *Jeter,* 149 Va. 235, 141 S. E. 260; *Jackson* v. *Richmond,* 152 Va. 74, 146 S. E. 303; *Mercer* v. *Richmond,* 152 Va. 736, 148 S. E. 803; *Portsmouth* v. *Madrey,* 168 Va. 517, 191 S. E. 595; *Richmond* v. *Best,* 180 Va. 429, 23 S. E. 2d 224.

In *City of South Norfolk* v. *Dail,* 187 Va. 495, 47 S. E. 2d 405, decided in 1948, the former decisions of this Court, holding that the giving of notice was jurisdictional, were reviewed and modified to the extent of declaring that the giving of the notice was not jurisdictional, and therefore could not be raised for the first time in this Court. We expressly declared that: "While the provisions of the statute and the charter in this regard are mandatory and a compliance with them is necessary, they should not be regarded as jurisdictional." 187 Va., at page 503. It follows from this decision that the present rule in Virginia is that the giving of the required notice is mandatory and is an essential element of plaintiff's case, which he must allege and prove. But failure to make the allegation or to prove that the notice had been given, like any other allegation and proof of an essential element of a plaintiff's case, must be raised in the same manner as any other non-jurisdictional defense to the action.

The time in which to give the notice prescribed by the statute and charter is arbitrary and peremptory. The legislature may make any exception it chooses, or refuse to make any at all, and, whether or not an exception exists, for instance in favor of infants, insane persons or others, is to be determined from the statutory law. If exceptions are made by statute, they exist; if not, they do not exist.

In *O'Neil* v. *Richmond,* 141 Va. 168, 176, 126 S. E. 56, the language of the pertinent provisions of Code, § 8-653, as then incorporated in the city's charter, was construed as follows:

"The language here under review is so clear as to carry its own obvious meaning; indeed, it is difficult, if not impossible, to suggest any more clear or comprehensive words to express the purpose to prohibit the institution or maintenance of any action whatever against the city based upon negligence, except after such notice. For this court to put any limitation upon the clear and comprehensive language would be to defeat the purpose so clearly stated in the title as well as in the text."

Since 1925, when the *O'Neil* case was decided, the legislature adopted Code, § 8-653 (Acts 1938, c. 227, p. 360) and amended

the city's charter (Acts 1948, c. 116, p. 232) by making three exceptions to the mandatory requirement of giving notice within the period stated. These are "when the claimant is an infant or non compos mentis, or the injured party dies within such sixty days." If the claimant comes within one of these exceptions the time for giving the notice is 120 days from the date of the injury. The facts do not bring plaintiff's case within any one of the exceptions stated in the statute. He is not an infant and was not, and is not, *non compos mentis*.

For the reasons stated the judgment is affirmed.

*Affirmed.*