## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Jean B. Nicely

v.

City of Clifton Forge

March 1, 1983

By JUDGE DUNCAN M. BYRD, JR.

The issue presented in this motion for summary judgment is compliance with § 8.01-222, Code of Virginia, 1950, as amended. The purpose of the statute is to enable a city of make a prompt investigation of tort claims, to correct dangerous or defective conditions, and where justified, to avoid the expense and delay of litigation by making voluntary settlement with the claimant. *O'Neil v. City of Richmond*, 141 Va. 168 (1925).

The notice required by this section is mandatory and is an essential element of the action. *Daniel v. Richmond*, 199 Va. 490 (1957). However, substantial compliance to accomplish the statutory purpose is all that is required. *City of Portsmouth v. Cilumbrello*, 204 Va. 11 (1963).

The notice has two essential elements applicable here. The first is that it must be "a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received." The second element is that it must be "filed with the city attorney or town attorney, or with the mayor, or chief executive within six months after such cause of action accrued."

I believe that the "written complaint" form filed by Officer C. E. Smith in this case constitutes substantial compliance with the first element. *Heller v. City of Virginia Beach*, 213 Va. 683 (1973). In

this case the evidence *at this point* discloses that a copy of the complaint was sent to the attorney for the Commonwealth but not to the City attorney. The claimant had a brief unscheduled discussion with the City Manager concerning the matter within the six month period but Officer Smith's written complaint nor any written statement or complaint in compliance with the first element was ever filed with or received by any of the enumerated city officials, essential for compliance with the second element, within the statutory time period. In the case of *Daniel v. City of Richmond*, 199 Va. 490 (1957), our Supreme Court held that an "oral report did not sufficiently comply with the notice requirement and that actual *knowledge* by the city of the details of the accident could not be substituted for the notice required."

Here the oral conversations with the City Manager could not be substituted for the notice required nor would delivery of the complaint to the office of the attorney for the Commonwealth, whose function is separated and apart from that of the City Attorney and/or the other enumerated city officials.

The motion for summary judgment should be denied.