## Richmond

TOWN OF CREWE

V.

SHIRLEY MARLER

Record No. 812182.

September 7, 1984.

Present: All the Justices.

*Kennon C. Walden, Jr. (Walden & Walden, P.C.*, on briefs), for appellant.

*John M. Boswell* for appellee.

COMPTON, J., delivered the opinion of the Court.

The dispositive question in this personal injury action against a municipality is whether the claimant's notice of accident complied substantially with the mandatory requirements of Code § 8.01-222.

In pertinent part, the statute provides:

"No action shall be maintained against any city or town for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city or town, or of any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney or town attorney, or with the mayor, or chief executive, within six months after such cause of action shall have accrued . . . ."

On October 29, 1977, appellee Shirley A. Marler allegedly was injured when she fell while walking on a public sidewalk on the south side of the 100 block of East Pennsylvania Avenue in the Town of Crewe. On January 11, 1978, the claimant's attorney wrote the following letter to the Crewe Town Manager:

"Please be advised that I represent Mrs. Marler for injuries sustained in a fall on or about November 4, 1977, as a result of defective sidewalk conditions in your town. Please advise your insurance company of this claim and have its claims adjuster contact me in this regard.
"Thank you for your cooperation."

On February 6, 1978, the attorney wrote the Town Manager another letter, as follows:

"I would appreciate it if you would advise me as to the town's insurance coverage in the above case. I must have this information in order to negotiate a settlement if the same is possible. If not, I have no choice but to bring an action against the Town of Crewe for Mrs. Marler's injuries."

The present damage suit was filed by the claimant against the Town in June of 1979. The Town responded with a motion to dismiss based upon the claimant's failure to comply with Code § 8.01-222. Specifically, the Town contended the notice was defective only because the precise location of the injury was not stated in the foregoing letters.

During a September 1979 evidentiary hearing on the motion, the Town Manager acknowledged receipt of the letters. The Manager also testified that, within six months of the accident, he was aware of the precise location of the accident and he had discussed the injury with the claimant and her husband. The trial court determined the plaintiff had complied substantially with the statutory notice provision and overruled the Town's motion. Subsequently, the plaintiff was granted a judgment of $10,000 and we awarded the Town an appeal from the October 1981 final order below.

Arguing she substantially complied with the requirements of the notice statute, the plaintiff says that the letters furnished sufficient written notice of the location of the accident, when the other evidence is considered. She points to testimony by the Town Manager which showed that he personally was aware of the precise location of the fall; that he discussed the accident within four months of the event with the plaintiff, her husband, and her attorney; and that he was aware, within six months of the fall, that a claim was being made by her against the Town. She contends that the legislature did not intend to require a claimant "to spell out the exact location of the injury," when "everyone" knew where it occurred. We disagree.

The language of the statute is clear and comprehensive, *O'Neil* v. *City of Richmond*, 141 Va. 168, 176, 126 S.E. 56, 58 (1925); its provisions are mandatory, but not jurisdictional. *City of South Norfolk* v. *Dail*, 187 Va. 495, 503, 47 S.E.2d 405, 408-09 (1948). "The purpose of the statute is to enable a city to make prompt investigation of tort claims, to correct dangerous or defective conditions, and, where justified, to avoid the expense and delay of litigation by making voluntary settlements with claimants." *Heller* v. *City of Virginia Beach,* 213 Va. 683, 685, 194 S.E.2d 696, 698 (1973). The statute should be construed liberally and substantial compliance with its terms is sufficient. *Bowles* v. *City of Richmond,* 147 Va. 720, 727, 129 S.E. 489, 490 (1925), *aff'd on rehearing*, 147 Va. 729, 133 S.E. 593 (1926). Neverthe-

less, "construction can never supply the total absence of a necessary allegation" and when a notice wholly fails to state where an accident occurred, such an omission cannot be remedied by statutory construction. *Id.* at 729, 133 S.E. at 593.

In *Daniel* v. *City of Richmond*, 199 Va. 490, 100 S.E.2d 763 (1957), the claimant sustained serious personal injuries when his hand touched a high tension electric wire, alleged to have been negligently erected and maintained by the city and the Virginia Electric and Power Company. The day after the accident, the claimant's employer, by telephone, notified the city's Department of Public Works of the incident. The city then conducted an investigation at the place of the accident and made certain changes at the site. Five days after the former 60-day statutory time limit had expired, written notice of the time and place of the accident was sent to the city's Department of Public Utilities on behalf of the claimant, who was totally incapacitated due to his injuries.

Responding to the city's contention that the notice was not filed in accordance with the law, the claimant conceded the notice was untimely. Nonetheless, he argued that because of his total incapacity and because within the statutory time limit "the city had actual knowledge of the time and place of the accident," his action against the municipality should not be barred. *Id.* at 492, 100 S.E.2d at 765.

This Court affirmed the trial court's action in dismissing the suit against the city on the ground of defective notice. Noting the mandatory nature of the statute and focusing on the claimant's incapacity, the Court said that unless the legislature makes exceptions to cover circumstances not specifically stated in the statute, such exceptions do not exist. *Id.* at 492-93, 100 S.E.2d at 765-66.*

█ The General Assembly, of course, has not made an exception in the statute in favor of those claimants who fail to state the place at which an injury occurs, even though "everyone" may know the location of injury. The arbitrary and peremptory provisions of the statute are necessary to accomplish the purposes of the enactment. Unless explicit notice in writing of the time and place of an accident is furnished the proper public official substantially in accordance with the statute, when there is a claim of mu-

---

* In 1962, subsequent to *Daniel*, the General Assembly created an exception in the statute in favor of claimants physically or mentally unable to give timely notice. Acts 1962, ch. 483.

nicipal negligence, the likelihood of prompt attention to the matter to protect the interests of the municipality and the public is materially diminished. For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation. Consequently, we hold the purported notice contained in the letters in issue failed to comply substantially with the statute, even though the city had actual notice of the time and place of the accident.

The plaintiff relies on *Heller*; it is inapposite to the present case. There, the claimant, allegedly injured by municipal negligence, furnished complete information about the accident to city police officers who promised they would file the necessary report with the proper city official. This Court held valid the written notice that subsequently was filed in a timely manner by a police officer. We decided that the police officer who completed and filed the written report of accident did so as the agent of the claimant in substantial compliance with the notice statute. The facts of that case significantly differ from the circumstances of this case. Also, the form of the notice there was proper; here, the form is defective. *See Jackson* v. *City of Richmond*, 152 Va. 74, 89-90, 146 S.E. 303, 307-08 (1929).

Accordingly, we find the trial court erred in failing to sustain the Town's motion to dismiss. The judgment in favor of the plaintiff, therefore, will be reversed and final judgment will be entered in favor of the Town.

*Reversed and final judgment.*