## CIRCUIT COURT OF AUGUSTA COUNTY

Ortiz

v.

Commonwealth of Virginia

April 11, 1986

By JUDGE THOMAS H. WOOD

After considering the evidence, the authorities and the views of counsel, I have concluded that the defendant's Motion to Dismiss based upon the failure of the plaintiff to comply with the notice requirements of the Virginia Tort Claims Act, Virginia Code Sections 8.01-195.1 through 8.01-195.8, ought to be sustained.

For purposes of this decision, I have assumed that the letter of Judd L. Kessler, Esquire, dated November 18, 1983, to Timothy Crofton, Assistant Director of The Woodrow Wilson Rehabilitation Center, would have satisfied the notice requirements of the Tort Claims Act had it been mailed to the proper persons, and I have further assumed that the agency and the Attorney General had actual knowledge and actual notice of the particulars of the claim. In addition, I have assumed that the appropriate notice period is the six-month period specified in Virginia Code Section 8.01-195.6 prior to the amendment effective July 1, 1984, which extended the notice period to one year.

My decision is based on the cases of *Town of Crewe v. Marler*, 228 Va. 109, 319 S.E.2d 748 (1984), and *Daniel v. City of Richmond*, 199 Va. 490, 100 S.E.2d 763 (1957), which, I suggest, stand for the proposition that actual knowledge and/or actual notice are not acceptable substitutes for substantial compliance with the notice requirements of the statute. Admittedly, these two cases construe Virginia Code Section 8.01-222 involving claims against municipalities. However, the language in Section 8.01-222

is so similar to the language in Section 8.01-195.6 and the purpose for the two statutes is so similar that these two cases would clearly appear to be applicable.

The case of *Heller v. City of Virginia Beach*, 213 Va. 683, 194 S.E.2d 696 (1973), is of no help to the plaintiff. In that case, a police officer expressly undertook to deliver, for the plaintiff, a sufficient notice to the proper official. In the case now before me, Ms. Ortiz was obligated to file a written statement of her claim with the agency head and to file a copy of that statement with the Attorney General. Her statement was filed with neither, and no State representative was requested to or undertook to file the statement for her.

I realize the result in this matter is harsh particularly when the agency and the Attorney General's office had actual knowledge of the claim and the matter had even been negotiated by the State's insurance carrier. However, as stated above, I firmly believe that this decision is mandated by *Town of Crewe* and *City of Richmond* cases.