## CIRCUIT COURT OF THE CITY OF RICHMOND

Dock D. Treece
and Treece Holding and Management Co.

v.

Commonwealth of Virginia,
Ram Sales, Inc.,
and Edward J. Mazur

June 14, 1990

Case No. LR 4165-2

By JUDGE ROBERT L. HARRIS, SR.

On May 22, 1990, the parties came before the court and presented evidence and argument on the defendants' special plea of sovereign immunity. The court took the issue under advisement.

Plaintiffs' motion for judgment, which has, at the date of this letter been amended twice,[1] is pled in three counts. Counts I and II are pled against the Commonwealth. Count I is based on implied warranty. Count II is based on fraud. The Commonwealth has pled sovereign immunity as to both counts. The claims arise out of the sale of an aircraft by the Commonwealth to Treece, negotiated by co-defendant, Ram Sales, Inc. The sale was consummated sometime in January, 1989.

---

[1] Defendants filed and argued their special plea in response to the Amended Motion for Judgment. Plaintiffs have now filed a Second Amended Motion for Judgment. The facts and allegations relevant to the special plea have not changed.

The issue before the court is whether plaintiffs have complied with statutory provisions for bringing suit against the Commonwealth based on contract or tort so as to escape the doctrine of sovereign immunity. The facts relevant to the decision of this issue are discussed below in reference to the correspondence exchanged between the plaintiffs' former attorney and the Attorney General's office.

The Commonwealth argues that the plaintiffs have not pleaded compliance with, nor have they in fact complied with, the notice provisions of either §§ 2.1-223.1 and 8.01-192 of the Code of Virginia as regards Count I of the Amended Motion for Judgment or § 8.01-195.6 of the Virginia Tort Claims Act (hereinafter "VTCA"), as regards Count II of the Amended Motion for Judgment. In addition to oral argument, the Commonwealth submitted a supporting memorandum and an affidavit of Fred Dixon, Tort Claims Manager with the Office of the Attorney General.

Plaintiffs assert that they have complied with Sections 8.01-195.6, 2.1-223.1, and 8.01-192 of the Code. Plaintiffs, at the hearing on May 22, 1990, submitted a letter from Jerry A. Eichenberger, an Ohio attorney, dated May 2, 1989, to Assistant Attorney General Michael Likavec, and Assistant Attorney General Likavec's subsequent letter to Eichenberger of May 24, 1989. The court received into evidence, over objections raised by the Commonwealth, the Eichenberger letter of May 2, 1989 (Exh. 1), the Likavec reply of May 24, 1989 (Exh. 2), and an affidavit of Eichenberger executed May 9, 1990 (Exh. 3). The court also heard the sworn testimony of Assistant Attorney General Likavec, who testified as to his telephone conversations and correspondence with Eichenberger.

Eichenberger's May 2, 1989, letter to Likavec (Exh. 1) described in great detail a number of defects in the aircraft sold to Treece by the Commonwealth. He claimed that the plane was not airworthy as represented by the Commonwealth, through co-defendant Ram Sales, Inc., its sales agent. Eichenberger further stated that the Commonwealth had "misrepresented this airplane and breached its legal and moral obligation toward Treece in this sale." The letter then reads: "Therefore, we present a claim, *through your office*, to the appropriate Commonwealth departments and officials for complete reimbursement of

the enclosed invoice from Piedmont [the firm that repaired the plane] to Treece." (Emphasis added.) Finally, Eichenberger stated that once fifteen days elapsed, during which Likavec could review the claim, "we will be forced to consider what further legal remedies are available."

Likavec's May 24, 1989, letter in reply (Exh. 2) states that "This letter responds to your *claim* submitted on May 2, 1989, to the Department of General Services, Division of Surplus Property *through this office*." (Emphasis added.) After taking issue with several of Eichenberger's statements, Likavec stated that any claims Treece had against the Commonwealth had been settled. He then stated that "we must respectfully deny the claim . . . ."

Eichenberger's affidavit (Exh. 3) asserts that Likavec advised him on how to file a claim for breach of contract and misrepresentation. Likavec told Eichenberger to file the notice of claim by sending a letter to him outlining said claim.

According to Likavec's testimony, at no time did he advise Eichenberger as to the requirements of the VTCA. Likavec testified that their discussions were limited to a breach of contract claim. Likavec further testified that he did not consider nor did he treat Eichenberger's May 2, 1989, letter as notice pursuant to VTCA. Likavec did testify that he discussed the May 2, 1989, letter with the head of the Division of Purchase and Supply, a subdivision of the Department of General Services. Based on this discussion, he denied Eichenberger's claim by his letter of May 24, 1989.

In order to sue the Commonwealth of Virginia for breach of contract, the claim must first be presented to the Commonwealth pursuant to § 2.1-223.1 which provides as follows:

> Any person having any pecuniary claim against the Commonwealth upon any legal ground shall present the same to the head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to such claim; provided, however, that whenever the claimant cannot identify such alleged act or omission with any single department, division, institution

or agency of the Commonwealth, then the claim shall be presented to the Comptroller.

Va. Code Ann. (1987).

If the claim presented pursuant to § 2.1-223.1 is disallowed by the Comptroller "or other authorized person," a right of action shall be deemed to accrue and the claimant may sue in an appropriate Circuit Court. Va. Code Ann. Section 8.01-192 (1984).

The Commonwealth argues that statutes in derogation of sovereign immunity must be strictly construed. The court does not disagree with that statement of the law as to substance. That is, courts should strictly construe statutes waiving sovereign immunity so that suits against the Commonwealth are only allowed in those types of cases that are specifically allowed by statute. However, the rule of strict construction does not extent to a hypertechnical interpretation of statutory language regarding procedure for filing claims.

Direct communication of the claim to the appropriate official seems to be the intent of statute. However, there is nothing in the statute or the cases cited by the Commonwealth that precludes presentation of a claim through the Attorney General's office where the claim was, in fact, presented to the appropriate division head. Further, the only cases cited by the Commonwealth regarding the level of compliance required under statutes waiving sovereign immunity relate to tort claim notice to localities. Those cases clearly state that only substantial compliance is required. See, e.g., Town of Crewe v. Marler, 228 Va. 109, 319 S.E.2d 748 (1984). The Commonwealth has cited no case that supports its proposition that statutes waiving the Commonwealth's immunity should be construed differently.

In this case, a contract claim was presented to the assistant attorney general who was assigned to the Division of Purchase and Supply with the request that he relay the claim to the "appropriate departments and officials." Likavec, in fact, did so. Likavec, at the hearing, testified that he had discussed the claim, before he wrote the May 24, 1989, letter, with the head of the Division of Purchase and Supply, which was the appropriate division. The assistant attorney general notified the claimant's attorney that the claim had been received as a claim submitted

to the Division of Surplus Property. He then denied the claim, apparently speaking for the division when he wrote: "we . . . deny the claim." In such a case, the terms of the statutes have been followed and the plaintiff is allowed to pursue an action on contract in this court. The claim was presented to the allegedly responsible division head through his agent, the assistant attorney general. It was then denied by the assistant attorney general purporting to speak for the division. The assistant attorney general was either authorized to deny the claim or, alternatively, the Commonwealth is now estopped by his statements from asserting that he had no such authority.

As to the tort claim in Count II for fraud, a somewhat different analysis applies. The Virginia Tort Claims Act Section 8.01-195.6 is a notice statute. It provides that:

> [A tort claim is] . . . forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable. The statement shall be filed within one year after such cause of action accrued with the Attorney General if the claim is against the Commonwealth.

Va. Code Ann. § 8.01-195.6 (Supp. 1989).

The Commonwealth's principal argument is that the requirement that notice be sent to the Attorney General means notice is sufficient only if sent to the elected head of the law department, currently Mary Sue Terry. The Commonwealth argues that notice to an assistant attorney general is not sufficient. The court finds it unnecessary to decide that issue, in view of its ruling as to the Commonwealth's alternative argument set out below.

The Commonwealth has also argued that the content of the May 2, 1989, letter from Eichenberger to Likavec is insufficient notice under the Tort Claims Act. The court agrees with this assertion. § 8.01-195.6 requires a written notice of the nature of the claim. The purposes for such notice are to enable the Commonwealth to make a prompt investigation, correct dangerous or defective

conditions, and to avoid the expense and delay of litigation by settling claims where appropriate. *Town of Crewe v. Marler*, 228 Va. 109, 112, 319 S.E.2d 748, 749 (1984) (statement made in relation to analogous provisions regarding notice of claims against local governmental units, § 8.01-222.)

At an absolute minimum, the notice of claim must state the nature of the claim so that the Commonwealth knows it has a tort, rather than a contract claim to investigate, settle or litigate. The letter sent by Eichenberger gave no indication that tortious conduct was alleged. The letter certainly did not refer to the Tort Claims Act. No tort was named. The letter mentioned misrepresentation only in a context that seemed to indicate a claim for breach of warranty. Finally, the letter closed by noting that, if the claim was not paid within fifteen days, Treece would consider its further legal remedies. It is abundantly clear that the claim in the letter was considered by all concerned to constitute an actual contract claim rather than the notice of a future tort claim.

It is the opinion of this court that the exchange of letters by Eichenberger and Likavec constitute a presentation and denial of a pecuniary claim for breach of contract under §§ 2.1-223.1 and 8.01-192. However, the letter from Eichenberger did not sufficiently state the nature of Treece's claim so as to put the Commonwealth on notice under the Tort Claims Act.

Accordingly, defendants' special plea of sovereign immunity is overruled as to Count I and sustained as to Count II.