## CIRCUIT COURT OF THE CITY OF RICHMOND

Nannie B. Palmer

v.

City of Richmond

December 31, 1991

Case No. LT-2403–4

BY JUDGE RANDALL G. JOHNSON

This is an action by plaintiff to recover damages from the City of Richmond for personal injuries allegedly sustained when she stepped into a hole housing a water meter in June, 1989. It is plaintiff's claim that her injury was caused by the city's negligence in allowing the cover to the hole to be improperly positioned. The case is presently before the court on the city's motion for summary judgment based on plaintiff's alleged failure to give the city the notice required by statute. For the reasons which follow, summary judgment will be granted.

Va. Code § 8.01–222 provides, in pertinent part:

> No action shall be maintained against any city or town for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the city or town, or of any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney or town attorney, or with the mayor, or chief executive, within six months after such cause of action shall have accrued . . . .

By letter dated July 27, 1989, plaintiff's lawyer informed the city attorney of plaintiff's claim. While that letter set out the "place at

which the injury is alleged to have occurred," it failed to state the date or "time" of the injury. The city argues that such failure is a fatal noncompliance with § 8.01–222, and the court must agree.

In *Town of Crewe v. Marler*, 228 Va. 109, 319 S.E.2d 748 (1984), plaintiff allegedly was injured when she fell while walking on a street. In the plaintiff's attorney's notice letter to the town manager, the date of the accident was given, but not the location. When suit was filed, the town contended that plaintiff's notice was fatally defective because the precise location of the injury was not stated. The Supreme Court agreed:

> The language of the statute is clear and comprehensive . . . its provisions are mandatory, but not jurisdictional. The purpose of the statute is to enable a city to make prompt investigation of tort claims, to correct dangerous or defective conditions, and, where justified, to avoid the expense and delay of litigation by making voluntary settlements with claimants . . . . The statute should be construed liberally and substantial compliance with its terms is sufficient . . . . Nevertheless, construction can never supply the total absence of a necessary allegation, and when a notice wholly fails to state where an accident occurred, such an omission cannot be remedied by statutory construction. 228 Va. at 112–13 (citations omitted).

This holding is controlling here. First, while the notice in *Town of Crewe* omitted the location of the injury while the notice here omitted the date, that distinction is meaningless. The statute requires notice of the "nature of the claim *and the time and place* at which the injury is alleged to have occurred . . . ." (Emphasis added.) I can think of no logical reason why the failure to state the place of injury would cause the notice to be defective while the failure to state the time of injury would not. "Time" and "place" have equal prominence in the statute. The holding of *Town of Crewe* makes it clear that the failure to state either one is so substantial a noncompliance with the statute as to constitute a bar to suit.

Second, *Town of Crewe* is particularly telling because it was made in spite of the fact that "everyone" knew where the injury had occurred, and in spite of the fact that the town manager testified that he was personally aware of the precise location of the fall, that he had discussed the accident within four months of the event with the

plaintiff, her husband, and her attorney, and that he was aware, within six months of the fall, that a claim was being made by the plaintiff against the town. The court held that none of these factors mattered. The failure to include the location of the injury in the written notice was fatal to her claim. The failure to include the time of the instant plaintiff's injury in her notice is fatal to hers.

Finally, plaintiff claims that any failure on her part to give the required notice was waived when an assistant city attorney sent the following letter to plaintiff's counsel just five days after plaintiff's notice:

> This is to acknowledge receipt of your letter of July 27, 1989, regarding the above-referenced claim. Without prejudice, this matter will be handled on its merits.

It is plaintiff's position that this letter constitutes a waiver of the statutory notice requirements. Once again, I must disagree. First, the letter itself states that the claim will be handled on its merits "without prejudice." That phrase is certainly broad enough to include "without prejudice to the city's right to challenge notice." Perhaps more important, however, is § 10.04 of the Charter of the City of Richmond which also requires a claimant, as a prerequisite to suing the city, to give written notice of the time and place at which the injury is alleged to have occurred. That section ends by stating:

> Neither the city attorney nor any other officer, employee or agent of the city shall have authority to waive the foregoing conditions precedent or any of them.[1]

Thus, the assistant city attorney's letter of August 1, 1989, cannot be held to be a waiver of the notice requirements of the statute. Since one of the essential requirements of the statute was omitted, this action must be dismissed.

---

[1] While the charter provision's requirement that notice be given within sixty days of the injury appears to be in conflict with Va. Code Section 8.01-222's requirement of notice within six months, that conflict has no bearing on this case. Even if the sixty-day requirement is invalid under the provisions of Section 8.01-222, a question which this court does not now decide, the last sentence of the charter provision, quoted above, would still be valid.