## CIRCUIT COURT OF THE CITY OF WINCHESTER

Hope Lenee Moyers
and Kathy Sue Moyers

v.

Elizabeth Steinmetz

August 17, 1994

Case No. (Law) 94-100

BY JUDGE JOHN E. WETSEL, JR.

This is a medical malpractice action in which damages are sought on behalf of a minor and her mother from a labor and delivery nurse for neurological injuries which the infant allegedly sustained during the course of her labor and delivery at the Winchester Medical Center on August 21, 1991. Defendants have filed a motion to dismiss on the basis that the claims of the Plaintiffs are barred by the provisions of the Virginia Birth-Related Neurological Injury Compensation Act, Virginia Code §§ 38.2-5000 *et seq*, and a motion to reduce the *ad damnum*.

The parties have filed Memoranda of Authorities and argued their positions, and the Court made the following decision to grant the Defendant's motion to reduce the *ad damnum* and to deny Defendant's motion to dismiss.

### I. *Statement of Material Facts*

The following facts are admitted in the pleadings in this case.

This is a medical malpractice case in which damages are sought on behalf of Hope Lenee Moyers for "permanent mental and physical injuries, including cerebral palsy." Motion for Judgment, paragraph 7.

The infant's mother, Kathy Sue Moyers, is suing to recover for "payment of medical expenses incurred to cure the infant, Hope Moyers, of her injuries."'Plaintiffs' Memorandum in Opposition to Defendant's Motion to

Dismiss and Plea in Bar, page 2. After this clarification, the Defendant withdrew her Plea of the Statute of Limitations.

On August 27, 1991, Hope Moyers was delivered at the Winchester Medical Center by Dr. John Willey, a Winchester OB-GYN physician. However, the Plaintiffs' sued neither the Medical Center nor Dr. Willey in this present action.

Winchester Medical Center was a participating hospital and Dr. Willey was a participating physician in the Virginia Birth-Related Neurological Injury Compensation Program during the calendar year 1991.

At all times complained of, nurse Steinmetz was a registered nurse, licensed by the Commonwealth of Virginia, was employed by Winchester Medical Center as a labor and delivery nurse and was acting in the course and scope of her employment as an employee of the Medical Center.

By letter of May 16, 1994, the Executive Director of the Virginia Birth-Related Neurological Injury Program, advised Plaintiff's counsel that "Elizabeth Steinmetz, R.N., was not a participating midwife" in the program.

The Defendant claims that the action filed against nurse Steinmetz is for a claim which was covered by the Birth-Related Neurological Injury Program and that the Plaintiff should proceed before the Workers' Compensation Commission instead of in this Court.

The Defendant has also filed a motion to reduce the *ad damnum* from four million to one million dollars.

## II. *Conclusions of Law*

In *University of Virginia v. Harris*, 239 Va. 119, 124, 387 S.E.2d 772, 775 (1990), the Supreme Court stated:

> In *Board of Supervisors v. King Land Corp.*, 238 Va. 97, 102-103, 380 S.E.2d 895, 897-98 (1989), we reiterated and reaffirmed the 400-year-old "mischief rule" of statutory construction. Every statute should be read so as to "promote the ability of the enactment to remedy the mischief at which it is directed." Remedial statutes are to be "construed liberally, so as to suppress the mischief and advance the remedy" in accordance with the legislature's intended purpose. All other rules of construction are subservient to that intent.

The Virginia Birth-Related Neurological Injury Compensation Act is a remedial statute, and it is to be construed liberally to correct the mischief

which it was intended to correct. The Act was a tort reform measure, and its purpose was to make medical malpractice insurance coverage available to licensed physicians and hospitals. *King v. Virginia Birth-Related Neurological Injury Comp. Program*, 242 Va. 404, 412, 410 S.E.2d 656 (1991).

Virginia Code § 38.1-5014 provides that "this chapter applies to all claims for birth-related neurological injuries occurring in the Commonwealth on and after January 1, 1988." While the Act may apply to all such claims, it does not mean that all such claims are included in the program. Where there are factual issues about the Act's application, Section 38.2-5008 provides that the Workers' Compensation Commission make the threshold decision about whether the claim is subject to the Act. *See, e.g.*, the Circuit Court of Fairfax County, *Fair Oaks Hospital v. Swanson*, Chancery No. 127633; *Meline v. Martel*, Law No. 125078; *Reaves v. Rattner*, Law No. 128262 (each of these three cases involved a determination of whether the injuries were birth-related neurological injuries covered by the Act). Under Section 38.2-5008, the Workers' Compensation Commission is required to determine, first, whether the injury claimed is a birth-related neurological injury as defined by the Act; second, whether obstetrical services were delivered by a participating physician at birth; third, whether the birth occurred in a participating hospital; and fourth, how much compensation is due under the Act. However, this case turns on a legal, not a factual determination, about the coverage of the Act.

The Virginia Code defines participating physicians and participating hospitals, and the Act does not provide that the nurses, other than nurse midwives, are covered by the Act. Virginia Code § 38.2-5001. The statute is clear and unambiguous. "If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun County Dept. of Soc. Services v. Etzold*, 245 Va. 80, 425 S.E.2d 800 (1993). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985). The Virginia Supreme Court is very reluctant to read requirements or additions into statutes which are not expressed. *See Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971). "For this Court to place any limitation on the clear and compre-

hensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984).

The Act is in derogation of the common law in that it affects a patient's right to seek redress and recover full damages as a result of medical negligence. "Statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms." *C. & O. Railway v. Kizer*, 206 Va. 175, 181, 142 S.E.2d 514 (1965). The Act cannot be liberally construed to cover nurses or other persons who are not specifically identified as covered under the Act. "Rules of liberal construction cannot properly be applied to rewrite a statute in order to alter what it actually says." *Richman v. National Health Laboratories*, 235 Va. 353, 357, 367 S.E.2d 508 (1988) (laboratory is not a health care provider).

The Defendant argues that:

> It makes no logical sense that an employee of a participating hospital would not be entitled to the benefits of the Act when her employer is. There is no rational argument that can be made that the Virginia legislature intended to immunize the institution from liability and leave its employees exposed to damages that their employer is not.

The logic of the defendant's argument, while clear and logical, is not controlling. While the nurse's negligent acts may make the Medical Center potentially vicariously liable in that its nurses may act on its behalf or make decisions on its behalf in the particular area which is the subject matter of this litigation, which will control the destiny of the Medical Center *vis à vis* its potential liability to the Plaintiff, nonetheless, the legislature did not include nurses within the program. Given the manifest clarity of the defendant's argument, this is a matter which the legislature obviously considered when it enacted the Act, and, if the coverage of the Act is to be expanded, that is a matter for the legislature and not the courts.

The medical malpractice action filed by the Plaintiffs is a common law tort, and it is within the jurisdiction of this Court unless the claim qualifies under the requirements of the Virginia Birth-Related Neurological Act. While the tort action in question is one for which either the nurse or the hospital or both could be sued, *see Naccash v. Burger*, 223 Va. 406, 418-

419, 290 S.E.2d 834 (1982), and 3 Am. Jur. 2d, *Agency*, § 309, the Plaintiff elected to sue only nurse Steinmetz. While the statute is remedial, the mischief which it was designed to alleviate was the lack of insurance coverage for meritorious claims, it is not a comprehensive scheme covering all claims for birth-related neurological injuries. The Act covers just "participating" hospitals, physicians, and nurse midwives. In short, it is both defendant specific as well as claim specific. The Plaintiffs have the express right under the Act to tailor their right of action to avoid the Act's coverage. *See* Virginia Code § 38.2-5003. Moreover, the Workers' Compensation Commission did not recognize the Defendant as a participant in the Act as evidenced by the letter from the Executive Director of the Virginia Birth-Related Neurological Injury Compensation Program.

The Motion for Judgment seeks a total recovery of $4,000,000. Virginia Code § 8.01-581.15 provides that in a medical malpractice action, "the total amount recoverable for any injury to, or death of, a patient shall not exceed $1,000,000." Virginia Code § 8.01-581.1 includes in the definition of health care provider subject to the Medical Malpractice Act, "registered nurse or licensed practical nurse . . . ." Therefore, there can be no recovery against nurse Steinmetz in excess of $1,000,000, and the Motion to Reduce the *ad damnum* to $1,000,000 is granted.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Defendant's Motion to Dismiss this case based upon its being covered by the Virginia Birth-Related Neurological Injury Act is denied.

2. Defendant's Motion to Reduce the *ad damnum* to $1,000,000 is granted.