## CIRCUIT COURT OF THE CITY OF WINCHESTER

Richard Lee Haines

v.

Division of Motor Vehicles
and Sandra M. Hawkins

July 13, 1995

Case No. (Law) 94-330

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on petition of Richard Lee Haines to have his driver privileges reinstated, which had been suspended because of an unpaid judgment arising out of a North Carolina automobile accident, and the objection thereto of his judgment creditor Sandra M. Hawkins. Upon consideration of the memoranda of authorities filed by the parties, the Court has decided to reinstate the driving privileges of the petitioner for the reasons hereinafter stated.

### I. *Statement of Material Facts*

The following facts are established by the pleadings in this case.

In October 1984, petitioner Haines was a resident of North Carolina. In October 1984 and all times relevant to this case, Haines owned a 1974 Buick which was covered by an insurance policy with the North Carolina Farm Bureau Insurance Company with liability limits in the amount of bodily injury of $25,000 each person and $50,000 each accident. On October 24, 1984, Haines' Buick was involved in an automobile accident in North Carolina with Sandra M. Hawkins. Haines was not driving his car at the time of the accident.

On December 11, 1985, a default judgment was entered in North Carolina in favor of Sandra Hawkins against Richard Lee Haines in the amount of $20,000 for damages sustained in the October 24, 1984, North Carolina automobile accident.

Haines' insurer, North Carolina Farm Bureau, was not notified that Hawkins' suit had been filed against Haines or that a default judgment had been entered in that case until November 1987.

Under North Carolina law, a default judgment taken against an insured cannot be used as a basis for obtaining a judgment against the insurer unless the judgment creditor forwarded a copy of the summons, complaint, or other pleadings filed in the action to the insurer or one of its agents at least thirty days prior to the entry of default judgment. North Carolina General Statute 20-279.21.

Under North Carolina law, the applicable statute of limitations for an action on an insurance policy is three years. North Carolina General Statute 1-52(1).

Under North Carolina law, Sandra Hawkins could have sued North Carolina Farm Bureau when she obtained judgment against the insured Richard Lee Haines on December 11, 1985.

Hawkins' North Carolina judgment was domesticated in Virginia pursuant to Virginia Code § 8.01-465.1.

By order of the Commonwealth of Virginia on November 1, 1990, Haines' driver's license was suspended. Although it was subsequently reinstated two times, on September 6, 1991, petitioner Haines' driver's license was suspended for the third time for failure to pay the North Carolina judgment in full. The petitioner has filed this present judgment seeking to have his driving privileges reinstated.

This Court has previously ruled that Haines' third party motion for judgment which he filed against the North Carolina Farm Bureau Mutual Insurance Company was barred by the statute of limitations.

## II. *Conclusions of Law*

At the time of the accident Haines had in force a policy of insurance with North Carolina Farm Bureau Mutual Insurance Company which met the requirements of Virginia Code § 46.2-472, and this insurance policy covered the Buick automobile which was involved in the accident in which Hawkins was injured.

Virginia Code § 46.2-417 provides that the Commissioner of the Department of Motor Vehicles will suspend the driver's license of any person who has failed for thirty days to satisfy a judgment arising out of an automobile accident. However, the statute provides in subsection C, in pertinent part:

> The commissioner shall not suspend driver's license or driving privilege . . . if the commissioner finds that an insurer authorized to do business in the Commonwealth of Virginia was obligated to pay the judgment upon which suspension is based, *or* that a policy of the insurer covers the person subject to the suspension, if the insurer's obligation or the limits of the policy are in amounts sufficient to meet the minimum amounts required by § 46.2-472, *even though the insurer has not paid the judgment for any reason.* (Emphasis added.)

The exemption from the driver's license suspension requirement is written in the disjunctive, and it is the second exemption of Virginia Code § 46.2-417(C) which applies in this case, because here, petitioner Haines had a policy of insurance in force which met the minimum requirements set by § 46.2-472 and his insurer has refused to pay the judgment based upon not being notified of the pendency of the Hawkins damage action.

Section 46.2-417(C) is clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Id.* at 321. The Virginia Supreme Court is very reluctant to read requirements into statutes which are not expressed. *See Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971). "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984).

The suspension of the driver's license section is clear and unambiguous, and its purpose is to promote the payment of judgments arising from automobile accidents. There are a variety of policy defenses available to an insurance company, and they generally can be counted upon to assert all defenses available to them. The statute contemplates the situation where a policy of insurance was in force, but the insurer does not pay the judgment "for any reason," in which event the driving privileges of the insured driver are not to be suspended. Therefore, in this situation petitioner Haines is entitled to have his driving privileges reinstated. The suspension of the driver's license is but one of many post judgment remedies enforcement remedies available to a judgment creditor such as

Hawkins. For example, there are garnishments and levies to name but two. This ruling in no way affects the validity of the Hawkins' judgment or her use of the other cumulative, judgment enforcement remedies available to her.

### III. *Decision*

For the foregoing reasons it is adjudged and ordered that the driving privileges of Richard Lee Haines are restored and the Division of Motor Vehicles shall not suspend his driving privileges in the Commonwealth of Virginia pursuant to Virginia Code § 46.2-417 as a result of the Sandra M. Hawkins North Carolina judgment.