## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DUNNINGTON V. FORD.

FEBRUARY 5th, 1885.

1. STATE—*Suits against.*—The State can only be sued by its consent. When a remedy by suit against the State, or any of its officials is provided, those seeking to avail of its benefits must follow its provisions with exact strictness.

2. IDEM—*Idem—Discrepancy fatal.*—Under act of 26th January, 1882, amended 13th March, 1884, Acts 1883–'84, page 527, the suit is required to be commenced by a petition filed at rules, upon which a summons shall be issued to the collecting officer, and regularly matured like any other action at law, and the coupons tendered shall be filed with the petition. A suit brought in any other way is unlawfully instituted, and must be dismissed.

Error to judgment of corporation court of Lynchburg, rendered August 4th, 1884, in the suit of James A. Ford, plaintiff, against V. G. Dunnington, treasurer of the city of Lynchburg, ordering, for reasons going to the merits, the Auditor of Public Accounts to issue his proper warrant for the payment to said Ford of the sum of $526.05 as of June 7th, 1884, which was wrongfully collected, upon his delivering to the Auditor for cancellation, the coupons offered in evidence.

Opinion states the case.

*Attorney-General F. S. Blair,* for the plaintiff in error.

*Kirkpatrick & Blackford,* for the defendant in error,

LACY, J., delivered the opinion of the court.

This case is brought to this court under the act of the General Assembly of March 12th, 1884, giving appeals to this court as of right to the Commonwealth in all cases arising under the acts of January 14th and January 26th, 1882, entitled respectively an act to provide for the more· efficient collection of the revenue, &c.

The amount involved in this controversy is $526.05.

This suit is brought under the provisions of the act of January 26th, 1882, as amended by the act of March 13th, 1884. Acts 1883–'84, page 527.

For reasons commending themselves to the legislative mind, the proceedings authorized by the said acts were provided by the legislature for the benefit of her creditors holding genuine coupons detached from genuine bonds of the State, which were receivable for taxes due the State, and for the protection of the State against claims of the holders of alleged fraudulent coupons.· The State can be sued only by her consent, and when a remedy by suit against the State, or any of the officers of the State, is provided, those creditors who seek to avail themselves of its benefits must be content to follow its provision with exact strictness—there is no authority to sue the State, except as provided by the law.  And it is the duty of the courts to see to it that the legislative will is not disregarded, and that when proceedings are prescribed by the act, they be followed according to its terms.

It would be difficult to draw a line which would mark the distinction between material and immaterial departures from the prescribed methods, and it should not be presumed that any prescription was made which was not regarded as essential by the legislature.

The legislature has provided in the act in question, giving this remedy—that the suit contemplated by this act shall be commenced by a petition filed at rules, upon which a summons shall be issued to the collecting officer—that the suit shall be

Opinion.

regularly matured like other actions at law, and the coupons tendered shall be filed with the petition.

This proceeding was not followed in this case. The suit was not commenced by petition filed at rules, but by a summons sued out of the clerk's office, and the petition was afterwards filed.

It is no answer to this objection to say that one way was as good as the other, or that the form adopted to commence the proceedings was a substantial compliance with the law, or more convenient to the suitor.

Such an apology would not avail if an action of ejectment should be so brought, or an action of unlawful entry and detainer should be brought by a summons to answer a complaint to be filed at rules. It avails nothing in this case—the suit is not brought as required by law. There is no lawful warrant for the suit as brought, and being instituted without lawful authority, it should have been dismissed by the corporation court. And the said court erred in overruling the motion of the defendant to that end. And the judgment of the said corporation court must be reversed and annulled, and the petition of the plaintiff be dismissed.

FAUNTLEROY, J., and RICHARDSON, J., dissented.

JUDGMENT REVERSED.