## Richmond

DOUGLAS B. FUGATE, STATE HIGHWAY COMMISSIONER V.
JOHN LOUIS MARTIN, ET AL.

March 4, 1968.

Record No. 6562.

Present, All the Justices.

*Kelly E. Miller, Assistant Attorney General (Robert Y. Button, Attorney General; Paul D. Stotts, Assistant Attorney General,* on brief), for plaintiff in error.

*William M. McClenny* for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

The State Highway Commissioner filed in the court below a petition seeking to condemn a strip of land about one foot wide running 135 feet along the property of John Louis Martin and others, fronting on the western side of State Highway 29, for the purpose of widening that highway. The petition also sought to condemn a construction easement along the entire length of the Martin property and a permanent drainage easement running through it.

Commissioners were appointed and after they had heard the evi-

dence and viewed the premises they filed a report awarding the property owners $3,200 for the value of the land taken and $10,000 for damages to the residue. The lower court overruled exceptions to the report and entered judgment awarding damages in accordance therewith.

[1] The State Highway Commissioner has appealed. His main contention is that the court erred in admitting in evidence and reading to the commissioners a provision in a deed, dated February 10, 1931, whereby the Martins' predecessors in title had conveyed to the Commonwealth of Virginia a strip of land about 33 feet wide running through their property for the location, construction and improvement of what is now a portion of Highway 29. In addition to a general warranty and the usual English covenants, the deed included this provision: "It is understood and agreed that full and free access from and to the grantors lands *abbouting* on the right of way hereby conveyed shall not be obstructed by markers or posts, or otherwise."

John Louis Martin, one of the owners of the property, operates thereon a retail store fronting on the west side of the highway. The plan for the proposed widening of the highway contemplates the construction of a curbing running the entire length of the Martin property except for two entrances, a 40-foot entrance serving the Martin property alone and a 30-foot entrance to be shared by the Martin property and the adjoining property. Martin testified that this curbing and the limited entrances to the property seriously restricted the owners' access to and from the highway.

The property owners contended that the purpose and effect of the covenant in the deed was to afford their property a "full and free access from and to" the highway and that the construction of the curbing in front of their property with these limited entrances was a violation of such covenant.

The property owners also contended that the covenant of a full and free access to and from the highway was a valuable property right, for which they were entitled to compensation if it were to be taken in this proceeding.

Counsel for the Highway Commissioner argued that the covenant in the deed was irrelevant to and inadmissible in the condemnation proceeding, that if the property owners had a grievance with respect to the alleged breach of the covenant their remedy was by an action against the State Highway Department for damages for such breach, and that such action must be brought in the Circuit Court of the

City of Richmond which alone has jurisdiction of such a proceeding.

Furthermore, the Highway Commissioner contended, if the covenant had the purpose and effect asserted by the property owners, is was illegal and void because the agents of the Highway Department had no authority to make such an agreement.

The lower court ruled against these contentions of the Highway Commissioner. It held that the covenant was pertinent to and admissible in the present condemnation proceeding, that it was binding on the Highway Department, that if the department was taking "some right" owned by the property owners it should compensate them therefor, and that the rights of the property owners with respect to the covenant were justiciable in the present proceeding and need not be asserted in the Circuit Court of the City of Richmond.

The right to take or damage private property for a public use is wholly statutory and can be exercised for the purpose, to the extent, and in the manner provided by law. *City of Richmond* v. *Childrey*, 127 Va. 261, 267, 103 S. E. 630, 631 (1920); *Dillon* v. *Davis*, 201 Va. 514, 519, 112 S. E. 2d 137, 141 (1960). Code § 33-63.1 [Repl. Vol. 1953, Cum. Supp. 1966], provides that commissioners in highway condemnation cases "shall fix the value of the land taken and damages, if any, which may accrue to the residue * * * by reason of the taking." Such is the limit of their duties. The relevancy of the covenant to these issues is not shown in the lower court's ruling in the present case.

The property owners argue that it was relevant because the rights reserved to them by virtue of the covenant were property rights which were being taken from them and for which they should be compensated. But there is nothing in the record to show that the acquisition of such property rights was involved in the proceeding.

On the contrary, it is clear that the covenant was offered in evidence upon the theory that the manner in which the curbing and restricted entrances were to be installed constituted a breach of the covenant with resulting damage to the residue of the property not taken. In their brief the property owners say: "The effect of the taking was [that] the highway was brought very close to the front of the storebuilding. Without curb or gutter, customers could get into the store property, although not as well as they had been before the taking. The entrances provided by the Highway Department into the property were sufficient for an ordinary property if the buildings were set back well away from the highway. The taking of the land and the [breach of the] covenant not to hinder free

passage into the property constitute a very great part of the damages to the residue of the property."

It is thus clear that in offering the covenant in evidence it was the purpose of the property owners to have the commissioners allow them damages for its breach by the Highway Department. We have been pointed to no authority nor have we found any to sustain the position that such a claim for damages is a proper element to be considered by the commissioners in fixing the damage to the residue of the property not taken, or is germane to the eminent domain proceeding. We hold that it is not.

[2] The State Highway Commission is an administrative department of the State and the property owners' claim against it is essentially one against the Commonwealth. It is well settled that such a claim for damages for breach of contract against the Commonwealth or one of its departments can be asserted only in the manner prescribed by statute. Claims of this character must first be presented to the head of the department responsible for the alleged act or omission which gives rise to the claim [Code § 2.1-223.1 as amended, Repl. Vol. 1966], and if disallowed may, according to Code § 8-752 as amended [Repl. Vol. 1957, Cum. Supp. 1966], be asserted only in the Circuit Court of the City of Richmond.

In *Davis* v. *Marr*, 200 Va. 479, 106 S. E. 2d 722 (1959), we dealt with a somewhat similar claim. There a property owner, in a suit in the Circuit Court of Princess Anne County, sought to enjoin the State Highway Commissioner from maintaining a "no left turn" sign at an opening in the median strip on the Virginia Beach Boulevard and to recover damages for so doing. The basis of the claim was that the maintenance of such a sign was in violation of a written agreement by the State Highway Department. We held that such a suit was essentially one against the Commonwealth and was cognizable only in the Circuit Court of the City of Richmond after claim had been presented to the State Comptroller and payment refused by him.[1]

Since the covenant relied on was not pertinent to the issues involved in the eminent domain proceeding, its admission by the lower court was error.

The judgment is reversed, the award of the commissioners set aside, and the case remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*

---

[1] Since that decision the prescribed procedure was changed by Code § 2.1-223.1 as amended.