May H. Jennings

v.

Commonwealth of Virginia
and L. Jarrett-Walton

February 16, 1989

Case No. LM1246-2

By JUDGE ROBERT L. HARRIS, SR.

This case is before the court on the Commonwealth's plea of sovereign immunity. Argument was heard on this issue on October 14, 1988, and a memorandum from the Commonwealth was considered. Counsel for Plaintiff chose not to submit a memorandum. It is the opinion of the court that the Commonwealth's plea must be sustained.

The plaintiff, May H. Jennings, filed suit against the Commonwealth of Virginia and others on April 27, 1988. Ms. Jennings claimed she slipped and fell on a puddle of liquid on the floor in Room 248 at the Medical College of Virginia hospital. Plaintiff alleges that she suffered injuries as a result of the fall and that Medical College of Virginia's negligence was the proximate cause of the fall.

Generally, the Commonwealth of Virginia is immune from suit. On July 1, 1982, the Virginia General Assembly enacted Section 8.01-195.1 (the Virginia Tort Claims Act) and thereby waived governmental immunity from suit in some limited situations in derogation of the common law. In these cases the plaintiff may only bring suit in the manner prescribed by the statute. It is well settled that litigants must strictly comply with the terms of statutes that remove the veil of immunity from suit from the Common-

wealth. *See Fugate v. Martin*, 208 Va. 529, 532 (1968); *Hicks v. Anderson*, 182 Va. 195 (1949); *Commonwealth v. Ferries Co.*, 120 Va. 827 (1917); *Dunnington v. Ford*, 80 Va. 177, 178 (1885). More recently, the Virginia Supreme Court, in *Town of Crewe v. Marler*, 228 Va. 109 (1984), wrote:

> Unless explicit notice in writing of the time and place of an accident is furnished the proper official substantially in accordance with the statute, when there is a claim of municipal negligence, the likelihood of prompt attention to the matter to protect the interests of the municipality and the public is materially diminished. For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation . . . .

Although the plaintiff in the case at bar did provide a hospital room number, that was not explicit notice of the place of the fall. Medical College of Virginia has many buildings and Room 248 could be in any of them. The affidavit of Phillip P. Woodson, Interim Risk Manager for Medical College of Virginia, notes that there are six buildings in which Room 248 could have been located.

Under these facts, the plaintiff's notice did not identify the location of her accident with requisite specificity under Virginia Code § 8.01-195.1. This case is dismissed as to the Commonwealth of Virginia/Medical College of Virginia.