## CIRCUIT COURT OF THE CITY OF RICHMOND

Kantima Odom,
Individually and as Adm'x
of the Estate of Michael Odom,
Deceased

v.

Commonwealth of Virginia

December 5, 1990

Case No. LR-3331-1

By JUDGE MELVIN R. HUGHES, JR.

The Court took defendant's Special Plea of the Virginia Tort Claims Act under advisement when the hearing ended on October 25, 1990.

In this wrongful death medical malpractice case, the first question raised is whether the action now pending against the Commonwealth of Virginia is time barred after the Court granted a sovereign immunity motion on behalf of the Medical College of Virginia (MCV), the original defendant. The parties agree, for purposes of the time bar question, that the proper notices under the Virginia Tort Claims Act and the Virginia Medical Malpractice Act were given. Defendant asserts that when the action was filed naming MCV, there were eight days remaining to sue the Commonwealth. The Commonwealth contends that under strict rules of construction applicable to Virginia Tort Claims Act proceedings, naming the Commonwealth months later when the Court allowed an amendment comes too late.

The question is whether the Commonwealth is a new party to the proceedings in the context of purely statute-based authority to bring and process such claims so that

the action as originally filed cannot relate back. *Mendenhall v. Cooper*, 239 Va. 71, 76 (1990). While the process outlined for bringing actions against the Commonwealth under the Virginia Tort Claims Act must be strictly followed, this is not the case when the Commonwealth was the party originally sought to be made liable through MCV, a state agency. A new party is not now involved in this lawsuit, only one which was originally intended but misdescribed or misnamed. See § 8.01-6, Code of Virginia of 1950, as amended. This is evident from reading the notice letter served on the Attorney General. The letter says, among other things, that "[t]he Medical College of Virginia is a state-owned hospital and is maintained by the State of Virginia . . . ." It further states, "[y]ou are hereby advised pursuant to Virginia Code annotated Section 8.01-195.6 . . ." the section of the Virginia Tort Claims Act governing the filing and service of a notice of claim for "[e]very claim cognizable against the Commonwealth."

Instead of naming the Commonwealth originally, plaintiff named an agency of the Commonwealth to make the Commonwealth liable. After the agency was ruled sovereignly immune, the case should continue against the Commonwealth pursuant to the notice of claim duly filed and the filing of this action originally. *Jacobson v. Southern Biscuit Co., Inc.*, 198 Va. 813 (1957).

Next, there is a second question of additional claims made a part of the suit which were not a part of the notice. Paragraphs 8 and 9 of the Motion for Judgment allege that defendant failed to maintain the premises and certain equipment in a safe condition and it failed to communicate properly with plaintiff. In the case of the latter, there is no claim mentioned in the notice letter other than saying that Mrs. Odom will pursue claims for emotional distress. The allegation of unsafe premises and equipment while not specifically mentioned in the letter may relate to the statutory requirement of stating the "nature of the claim" because the letter mentioned "failure to follow the proper standards of medical procedures in the attempted defibrillation was the cause of Mr. Odom's death." The failure to communicate claim cannot go forward; the unsafe premises and equipment claim can be subject to later de-

velopments in discovery and at trial for which a decision is reserved.

Accordingly, the Special Plea is denied in part and granted in part for the reasons stated above.