## CIRCUIT COURT OF RUSSELL COUNTY

Berton Monk,
d/b/a Monk Supply Co.

v.

Virginia Department
of Transportation et al.

September 9, 1994

Case No. CL90-6625

BY JUDGE DONALD A. MCGLOTHLIN, JR.

The Court has finished its review of the pleadings, demurrers, pleas, motions to dismiss, and memoranda previously submitted by the parties in this rather substantial case file. The Court has divided the claims and theories of recovery into the following categories in order to address all the issues presented in a more cogent manner.

### Procurement Act Claims

Plaintiff originally filed his motion for judgment March 16, 1990, alleging that the defendants had violated the Virginia Public Procurement Act (§§ 11-35 et seq.) by awarding a contract upon a bid by Chilhowie Excavating, Inc., when that bid was not the lowest responsible, responsive bid as defined by Va. Code § 11-37. Plaintiff demanded judgment in the amount of $35,000.00 for lost profits from the contract he alleged should have been awarded to his company as the lowest responsive, responsible bidder. On August 30, 1991, the plaintiff filed, without leave of Court, an amended motion for judgment consisting of 11 pages and setting forth in 16 different counts causes of actions against the various defendants in this suit. Among those claims, plaintiff is apparently attempting to set up a cause of action for money damages under the Virginia Public Procurement Act.

This Court holds that that Act does not provide the plaintiff with a cause of action for damages against any of the defendants. The purpose of the Procurement Act is to set forth the public policies and procedures pertaining to governmental procurement from nongovernmental sources. Under Article 3 of the Act (§§ 11-63 through 11-71), the Legislature has provided the remedies available to any bidder, offerer, or contractor who is aggrieved by the actions of government agencies in procurement procedures. The only remedies afforded an unsuccessful bidder alleging he was the lowest responsive, responsible bidder are found in §§ 11-66 and 11-70. The former provides for an administrative procedure whereby the unsuccessful bidder may protest in writing to the public body the award or decision to award a contract. If his protest is not successful and the relief sought is denied administratively, the bidder has the right under the latter provision to institute legal action challenging the proposed award or award of a contract, but his relief is limited to a reversal of the public body's decision, and then only if the public body's decision was arbitrary and capricious or not in accordance with the Constitution of Virginia, statutes, regulations or the terms and conditions of the invitation to bid, etc. Nowhere in Article 3 or elsewhere in the Act is any unsuccessful bidder given the right to sue for damages. Therefore, insofar as Mr. Monk's amended motion for judgment attempts to state a claim for money damages under the Virginia Public Procurement Act, it must be dismissed.

### Sovereign Immunity

Under the doctrine of sovereign immunity, the Virginia Department of Transportation and its employees as a state agency or employees while acting within the scope of their employment are immune from suit for any tort claim. *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984); *Maia v. Eastern Hospital*, 97 Va. 507, 34 S.E. 617 (1899). Va. Code § 8.01-195.3 states that, "The Commonwealth shall be liable for claims for money . . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . ." The succeeding statute, § 8.01-195.4, makes the *Commonwealth* the proper party defendant in all actions commenced pursuant to the Virginia Tort Claims Act. Nowhere in the Act is there a waiver of immunity for state agencies or state employees, or any provision that plaintiffs may sue an agency or employee acting within the scope of his employment.

A fair reading of the motion for judgment establishes that Mr. Monk has alleged that all the individual defendants acted or failed to act in their capacity as employees of the Virginia Department of Transportation. They are immune from suit for the alleged tortious acts or omissions under the doctrine of sovereign immunity. These claims therefore must be dismissed as to them individually.

### Contract Claim

Insofar as Mr. Monk attempts to make a claim in his amended motion for judgment for breach of a contract, he has failed to properly allege the formation or existence of a contract. Although he has referred to VDOT's breach of its agreement with him to award the bid to the lowest responsive and responsible bidder as per instructions and guidelines of the bid proposal, it is black letter law that a request for proposals or invitation to bid is not an offer which can be accepted by another by the submission of a bid until that bid is actually accepted by the offeree. If VDOT failed to award the bid in this case in accordance with its invitation to bid, that violation is not a violation of any contractual obligation assumed by VDOT.

### Conspiracy to Injure Another in Trade Business or Profession

Va. Code §§ 18.2-499 through 18.2-501 makes it unlawful for any two or more persons to combine, associate, agree, mutually undertake, or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business, or profession and authorizes the recovery of treble damages, including loss of profits, suit costs, and attorneys' fees for any person so injured as a result of a violation of the Code. Section 18.2-501(b) defines "person" as any person, firm, corporation, partnership, or association. Because the Virginia Department of Transportation is not a person within the meaning of this Act, it cannot be held liable for any violation. Similarly, because the allegations in the amended motion for judgment aver that all conduct on the part of the employees of VDOT was within the scope of their employment, and since a governmental agency such as the Virginia Department of Transportation can act only through its employees, servants, and agents, it is this Court's opinion that those employees are not "persons" within the meaning of the statute. Nor should officials of a public agency who act within the scope of their employment be considered to be conspiring together or with others for the purposes of

§ 18.2-500. *Becker v. Russek*, 518 F. Supp. 1040 (W.D. Va. 1981), aff'd 679 F.2d 876 (4th Cir. 1982). Hence, the defendant Chilhowie Excavating is not alleged to have acted with any "person" within the meaning of these Code sections, and the Court must rule that the plaintiff has failed to state a cause of action in this regard.

### Virginia Governmental Frauds Act

Insofar as plaintiff has attempted to state a cause of action for the violation of § 18.2-498.3 against Chilhowie Excavating, he fails. Va. Code § 18.2-498.3 is a criminal statute providing for criminal sanctions and not civil damages or penalties. Moreover, it is designed to protect the Commonwealth and its departments and agencies from fraud, not to protect individuals in Mr. Monk's position who have not relied upon or even had knowledge of any misrepresentation, falsification, etc. It creates no cause of action in favor of the plaintiff. This claim must also be dismissed.

### Tort Claims

Many of the counts in the amended motion for judgment apparently are attempts to set up claims sounding in tort. The theories under which Mr. Monk is evidently proceeding are variously stated as violations of duties imposed by statute (ostensibly the Virginia Public Procurement Act); the failure to act in accordance with the "proposal agreement" (which the Court takes to refer to the invitation to bid or request for proposals initially issued by VDOT); negligence in awarding the bids by VDOT; the unlawful awarding of the contract to a nonresponsive bidder; the misrepresentation by various defendants of facts relative to the specifications of Chilhowie Excavating's equipment; conspiracy among the various defendants; and the failure by Commissioner Pethtel to use reasonable skill and knowledge to request and insure his employees' compliance with the procurement procedures.

Assuming arguendo that the amended motion for judgment has properly stated tort claims against VDOT and its employees on any theory available to the plaintiff, they must be prosecuted in accordance with the Virginia Tort Claims Act or be dismissed. The Commonwealth is absolutely immune from any claim based upon a tortious act or omission under the doctrine of sovereign immunity unless she has expressly waived that immunity, *Wilson v. State Highway Comm'r*, 174 Va. 82, 4 S.E.2d 746 (1939); and a plaintiff must comply with the statutory provisions of such waivers of immunity strictly. *Fugate v. Martin*, 208 Va. 529, 159 S.E.2d

669 (1968), and *Commonwealth v. Ferries Co.*, 120 Va. 827, 92 S.E. 804 (1917).

Moreover, a plaintiff must plead that he has complied with the statutes under which he makes his claim against the Commonwealth. Mr. Monk's pleadings contain a statement that he has filed his claim with the Commissioner of the Department of Transportation and the Attorney General in the time allotted by Va. Code § 8.01-195.6; however, he has not exhibited the alleged written statement of the nature of his claim, nor has he pleaded the date that it was supposedly filed. The governmental defendants assert that Mr. Monk has failed to comply with the Act. The Court, therefore, instructs the plaintiff to file within ten days of his receipt of this letter copies of the written statement of the nature of his claim which he alleges was filed with the Attorney General and the Commissioner of the Department of Transportation, and proof of when the claim was filed. Counsel for the governmental defendants may submit such evidence as he may desire with regard to this issue within fifteen days of his receipt of this opinion letter. The Court will hold in abeyance its ruling with regard to the plea of the statute of limitations as to all tort claims until it has received the parties' evidence.