## CIRCUIT COURT OF FAIRFAX COUNTY

Barbara Halberstam

v.

Commonwealth of Virginia et al.

February 21, 1995

Case No. (Law) 135637

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendants', the Commonwealth of Virginia and George Mason University, Demurrer, Motion to Dismiss/Motion for Summary Judgment and Plea of Sovereign Immunity.

The plaintiff in this case, Barbara Halberstam, alleges that she was injured on October 5, 1993, when she fell in a parking lot at George Mason University due to the defendants' failure to maintain the premises in a safe condition. Prior to filing this action, plaintiff corresponded in writing with employees at the Divisions of Risk Management at George Mason and in Richmond regarding the nature of her injury and the location at which it occurred. On March 14, 1994, plaintiff, through counsel, sent by certified mail to the Director of Risk Management in Richmond her notice of claim, as required by Virginia Code § 8.01-195.6. On September 19, 1994, the Division of Risk Management in Richmond denied in writing plaintiff's claim. Plaintiff thereafter filed her motion for judgment on October 4, 1994. Naming as defendants the Commonwealth of Virginia and George Mason University.

I find first that the plaintiff's suit against George Mason University is barred by the doctrine of sovereign immunity for the following reasons. The doctrine of sovereign immunity is firmly established in the Commonwealth of Virginia. *Messina v. Burden*, 228 Va. 301 (1984). Absent a statutory or constitutional provision abrogating this immunity, suit may

not be brought against the Commonwealth for the tortious acts of its agents or employees. *Eriksen v. Anderson*, 195 Va. 655 (1954). While the General Assembly has created a partial exception to sovereign immunity through enactment of the Virginia Tort Claims Act, Va. Code § 8.01-195.1 *et seq.*, Virginia law does not abrogate the immunity of the Commonwealth's agencies. *See* Va. Code § 8.01-195.3 and *Mpras v. Community Living Alternatives*, Law No. 123573 (Cir. Ct. of Fairfax County 1994) (per Judge Klein). George Mason's Plea of Sovereign Immunity must therefore be granted and George Mason dismissed from the case with prejudice.

Turning now to the remaining defendant, the Commonwealth contends that plaintiff's action against it is barred by her failure to comply with the notice requirements of Va. Code § 8.01-195.6. That section requires the claimant to file:

> a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable. The statement shall be filed with the Director of the Division of Risk Management or the Attorney General within one year after such cause of action accrued . . . The claimant . . . shall, in a claim cognizable against the Commonwealth, mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond.

The notice of claim filed by the plaintiff in this case reads, in pertinent part:

> On October 5, 1993, Mrs. Halberstam, a student at George Mason University, was parking her vehicle in the school parking lot at approximately 7:45 p.m. She parallel parked alongside the curb and began to exit her vehicle. Due to the fact that the area where she parked was unlit, she did not notice a pothole or eroded area in the asphalt of the parking lot. Upon exiting her vehicle she stepped into this eroded area/pothole which caused her to lose her balance, fall and injure herself.

I find that this notice does not comply with the statutory requirements because it fails to sufficiently identify the location of the incident. Specifically, the notice does not state in which of many parking lots at George Mason plaintiff sustained the fall, at which of George Mason's campuses the incident occurred, and where in the parking lot she fell. *See Town of Crewe v. Marler*, 228 Va. 109 (1984), and *Jennings v. Commonwealth*, 14 Va. Cir. 331 (1989).

Plaintiff seeks to cure the infirmities in her written notice of claim on the ground that she has substantially complied with the statute. Citing the history of written correspondence between plaintiff and Division of Risk Management employees at George Mason and in Richmond, plaintiff first contends that the Director of Risk Management had actual notice of the true nature of her claim. Actual notice, however, is insufficient. *Town of Crewe v. Marler*, 228 Va. 109 (1984) (construing a similar notice provision in Va. Code § 8.01-22).

Further, it is not clear that substantial compliance with the notice provisions is sufficient. As a general principle, because the Tort Claims Act is in derogation of the sovereign's immunity at common law, the Act is to be strictly construed. *See Virginia Board of Medicine v. VPTA*, 13 Va. App. 458 (1991); *Wilson v. State Highway Commissioner*, 174 Va. 82 (1939), and *Dunnington v. Ford*, 80 Va. 177 (1885).

Even assuming *arguendo* that substantial compliance is sufficient, however, I cannot conclude that plaintiff has substantially complied with Va. Code § 8.01-195.6. Not only were the letters plaintiff would have the Court consider as part of her notice sent to the wrong party,[2] but they were also not sent by certified mail, as required by the statute. *See Lando v. City of Chicago*, 470 N.E.2d 1172 (Ill. App. 1 Dist. 1984). *See also* Annotation, *Persons Upon Whom Notice of Injury or Claim Against Municipal Corporation May or Must Be Served*, 23 A.L.R.2d 969 (1951), and 18A Eugene McQuillin, *Municipal Corporations*, §§ 53.160 and 53.162 (1993), and the cases cited therein.

Failure to comply with the notice requirements of Va. Code § 8.01-195.6 results in the claim against the Commonwealth being "forever

---

[2] The letters were sent to Claudia Young, a Risk Management employee at George Mason University, and to Donna Briggs, a Claims Management Specialist in the Division of Risk Management in Richmond, and not to the Director of Risk Management or the Attorney General.

barred." Accordingly, the Commonwealth's motions are granted and the case against the Commonwealth is dismissed.