## CIRCUIT COURT OF FAIRFAX COUNTY

Patricia S. Porta

v.

Commonwealth of Virginia et al.

October 19, 1995

Case No. (Law) 138854

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on the Commonwealth's Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss Patricia S. Porta's Motion for Judgment. The issue presented is whether Plaintiff's Notice of Claim to the Commonwealth properly describes the place where the alleged injury occurred as required by Va. Code Ann. § 8.01-195.6 of the Virginia Tort Claims Act. This is an action for negligence by a George Mason University student for injuries she sustained when she slipped and fell on campus. The Defendants contend that Plaintiff's cause of action is barred because she failed to give proper notice of her claim under § 8.01-195.6 of the Virginia Tort Claims Act. Section 8.01-195.6 requires that a claimant give written notice to the Commonwealth of the time and place of the injury or the claim is barred. Defendants contend that Plaintiff's Notice of Claim is insufficient because it fails to specify the exact location where Plaintiff was injured. Plaintiff maintains that her Notice of Claim stated she was walking from the student union building to her dormitory. Plaintiff contends that the notice requirement does not require a claimant to specify the precise location of the injury. Having considered the memoranda of counsel, the Court denies the Defendants' Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss.

### I. *Facts*

Patricia Porta, a George Mason University student, was walking from the Student Union building II to her dormitory when she slipped and fell

on rocks on an asphalt path. She engaged counsel and provided a notice of claim to the Commonwealth. Plaintiff seeks recovery for her injuries from the Defendants.

## II. *Notice of Claim*

Section 8.01-195.6 of the Code of Virginia requires that a claimant must provide written notice of claim to the Commonwealth or the claim is barred. The notice of claim must include the time and place of the injury and specify the agency alleged to be liable for the injury. Defendants contend that the Plaintiff's notice is insufficient. Plaintiff's Notice of Claim reads:

> This Claim is based upon a slip and fall which occurred on or about September 9, 1993, at approximately 1:00 p.m. This fall occurred on the campus of George Mason University. Ms. Porta was traversing a 3 to 5 foot wide asphalt path from the Student Union building to her dormitory. On each side of the path there were barricades due to the construction taking place. Construction activity in the area included trucks transporting earth and rocks from the construction area.

(Plaintiff's Notice of Claim, ¶¶ 2-3).

Defendants claim that Plaintiff's Notice of Claim is insufficient because it fails to specify: (1) the campus; (2) the exact Student Union building; and (3) the location of the construction and the dormitories. In response, Plaintiff argues that: (1) although George Mason University has three campuses, only the Main Fairfax Campus has a student union building and on-campus housing; (2) the notice of claim and subsequent correspondence between the parties identified the walkway on which the Plaintiff was injured as the walkway between the Student Union II and the Presidential Park Housing area; and (3) the Commonwealth had actual notice of the exact location of the injury from the accident reports made by the George Mason University Campus Police Department.[1]

Defendants contend that *Town of Crewe v. Marler*, 228 Va. 109 (1984), controls this plea. In *Town of Crewe*, plaintiff's attorney filed a notice of

---

[1] The fact that George Mason University Police assisted Ms. Porta by taking her to the emergency room at Fairfax Hospital and made a written report of the incident is not relevant to the consideration of the Plea in Bar. Actual notice does not cure an insufficient notice of claim. *Town of Crewe v. Marler*, 228 Va. 109 (1984).

claim which stated that the accident occurred on "a defective sidewalk in your town" and advised of a potential claim against the "Town of Crewe for Mrs. Marler's injuries." The Court held that this notice failed to substantially comply with the notice of claim statute. Defendants maintain that Plaintiff's notice is likewise insufficient. Defendants further argue that the *Town of Crewe* requires substantial compliance under Va. Code § 8.01-222, whereas Va. Code Ann. § 8.01-195.6 requires strict compliance with its terms. *See Virginia Board of Medicine v. VPTA*, 13 Va. App. 458 (1991), *aff'd* 245 Va. 125 (1993). Defendants assert that a statement that does not comply under *Town of Crewe* would fall even shorter under § 8.01-195.6. Defendants cite *Halberstam v. Commonwealth*, 35 Va. Cir. 454 (1995), a case involving a disputed notice of a claim arising on George Mason University campus. In *Halberstam*, the Court held that plaintiff's notice of claim, which stated that she was injured in "the school parking lot" of "George Mason University," did not sufficiently identify the location of the incident because her notice failed to identify in which of the many parking lots the accident occurred. Defendants also contend that the notice here is similar to the notice in *Jennings v. Commonwealth*, 14 Va. Cir. 331, 332 (Richmond, 1989). In *Jennings*, the notice of claim identified the place of the accident as "Room 248 at the Medical College of Virginia Hospital." The Richmond Circuit Court held that this notice was insufficient and barred the claim, since there were six buildings in which Room 248 could have been located.

Plaintiff argues that § 8.01-195.6 requires substantial compliance; however, the rules of strict construction do not require a hypertechnical interpretation of statutory language. *See Treece v. Commonwealth*, 21 Va. Cir. 148 (Richmond, 1990).

The Court upon review of the Notice of Claim holds that Plaintiff's Notice of Claim complies with § 8.01-195.6 because it describes the place where the injury occurred. Section 8.01-195.6 does not require that the claimant specify the *precise* location of the alleged incident. (Emphasis added.) In this case, a fair reading of the Notice of Claim reveals that the incident occurred on the Main Fairfax Campus of George Mason University, on a path leading to dormitories near the Student Union Building, in an area where construction was underway.

Plaintiff's Notice of Claim can be distinguished from the Notices of Claim in *Town of Crewe, Halberstam*, and *Jennings*. In *Town of Crewe*, the plaintiff's notice of claim did not provide the Commonwealth with notice of where the injury occurred nor with any means by which a further

inquiry could be made regarding the place of the injury. On the contrary, the Plaintiff in the case at bar has provided sufficient notice of the place of the injury. Defendants maintain that George Mason University has three campuses. Defendants contention is correct. However, Plaintiff's Notice of Claim eliminates the possibility of the injury occurring on all but one campus, the Main Fairfax Campus. Plaintiff's Notice of Claim states that Plaintiff was injured while walking toward her dormitory. George Mason University has only one campus that has dormitories. Therefore, Plaintiff's Notice of Claim pinpoints the exact campus out of three in which the injury occurred. Second, Plaintiff states in her Notice of Claim that she was injured on a path while walking from a student union building to her dormitory. Plaintiff narrows the possible location of her injury from an entire campus to two specific locations within George Mason University. Therefore, Plaintiff's Notice of Claim is distinguishable from *Town of Crewe* because she provided a more detailed description of the place of the injury than provided in *Town of Crewe*.[2]

The Court holds that Plaintiff has complied with the statutory requirements of Va. Code Ann. § 8.01-195.6

## III. *Conclusion*

The purpose of the Notice of Claim is to provide the Commonwealth with notice of a claim so that further inquiry can be made. Plaintiff's Notice of Claim meets this requirement. Accordingly, Defendants' Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss are denied.

---

[2] Plaintiff's Notice of Claim can also be distinguished from *Halberstam* and *Jennings*. Plaintiff narrowed the possible location of the injury to a specific circumference of George Mason University's Main Fairfax Campus versus numerous parking lots (*Halberstam*), six buildings containing six identically numbered rooms (*Jennings*), and a myriad of sidewalks (*Town of Crewe*).