## CIRCUIT COURT OF ALBEMARLE COUNTY

Miller

v.

University of Virginia
Medical Center et al.

February 25, 2002

Case No. (Law) CL99-7994

BY JUDGE PAUL M. PEATROSS

This matter comes before the Court on plaintiff's Motion to Correct Misnomer. The Court heard argument from counsel on November 29, 2001, and took the matter under advisement. After reviewing the applicable statutes and case law regarding this issue, the Court now grants plaintiff's Motion to Correct Misnomer.

*Facts*

This is an action alleging medical malpractice arising out of plaintiff's surgery at the University of Virginia Medical Center ("UVMC") in February 1997. The cause of action accrued on August 28, 1998, when plaintiff first discovered through diagnostic procedures that surgical objects had been left in his body after surgery. Plaintiff timely filed a Notice of Claim under the Virginia Tort Claims Act ("VTCA"), Va. Code Ann. §§ 8.01-195.1 *et seq.* (Michie 2001), against defendants UVMC and the operating surgeon, and the

Attorney General received the Notice of Claim letter[1] on August 16, 1999. The plaintiff stated in his Notice of Claim that he was "giving notice under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.6, that [plaintiff] intends to assert a claim for the negligence of employees of the University of Virginia Medical Center for the injuries sustained as a result of leaving foreign bodies in his abdomen."

On August 27, 1999, the plaintiff filed suit against the defendants under the VTCA. Section 8.01-195.7 of the VTCA requires that all claims be filed within 18 months following the Notice of Claim. Although plaintiff's original Motion for Judgment was filed within this 18 month period, plaintiff improperly named UVMC as a party defendant instead of the Commonwealth of Virginia, the proper party to be sued in an action under the VTCA.[2] UVMC is a division of the Rector and Visitors of the University of Virginia, which is an agency of the Commonwealth of Virginia. Agencies of the Commonwealth have sovereign immunity and, unlike the Commonwealth, they may not be sued under the VTCA. See § 8.01-195.4, Va. Code Ann. (holding that "the Commonwealth" is the proper party defendant for suits under the VTCA); see also *Halberstam v. Commonwealth*, 35 Va. Cir. 454 (Fairfax 1995), aff'd 251 Va. 248, 467 S.E.2d 783 (1996) (holding that "while the General Assembly has created a partial exception to sovereign immunity through enactment of the [VTCA], Virginia law does not abrogate the immunity of the Commonwealth's agencies").

On September 7, 2000, counsel appeared specially on behalf of UVMC and moved to dismiss the action against UVMC. On November 26, 2001, plaintiff moved the Court to correct the misnomer filed in his original Motion for Judgment pursuant to § 8.01-6, the section of the Virginia Code governing misnomer. Va. Code Ann. § 8.01-6 (Michie 2001). Plaintiff would normally be barred from adding the Commonwealth as a defendant to this action at such a late date under the VTCA's eighteen month statute of limitations;[3] however, § 8.01-6 would allow the plaintiff to relate the amended Motion for Judgment back to the filing date of the original pleading should the Court find that the misnomer statute applies. Counsel for the Commonwealth argues that § 8.01-6 does not apply to pleadings filed under the VTCA, and in the alternative, the

---

[1] Section 8.01-195.6 of the VTCA requires the plaintiff to file a Notice of Claim with the Director of Division of Risk Management or with the Attorney General "within one year" after the cause of action against the Commonwealth accrued.

[2] Section 8.01-195.4 states that in all actions against the Commonwealth commenced pursuant to the VTCA, "the Commonwealth shall be the proper party defendant."

[3] Va. Code Ann. § 8.01-195.7.

Commonwealth argues that the requisite elements of misnomer delineated in § 8.01-6 have not been met in this case.

## Discussion

The Court must resolve two issues in this case in order to rule on plaintiff's motion: (1) whether § 8.01-6 of the Virginia Code Annotated, the section of the code governing misnomer, should be applied to suits filed pursuant to the Virginia Tort Claims Act, Va. Code § 8.01-195.1 *et seq.*; and if so, (2) whether the elements of misnomer, as defined under § 8.01-6, have been met in this case so as to allow the plaintiff to add the Commonwealth as a party defendant and to "relate back" the amended Motion for Judgment to the original Motion for Judgment.

Section 8.01-6 allows a party to amend any pleading to correct a misnomer and states that the amended pleading will relate back to the date of the original pleading if the requisite elements of misnomer are met. The Commonwealth argues that the plaintiff is not entitled to the benefit of this "relation back" provision because § 8.01-6 does not apply to actions filed pursuant to the VTCA. In support of this claim, the Commonwealth points to the language of the VTCA dealing with the statute of limitations, which states:

> [a]ll claims against the Commonwealth . . . under this article shall be forever barred unless such action is commenced within eighteen months of the filing of the notice of claim. The limitations periods prescribed by this section and § 8.01-195.6 *shall be subject to the tolling provision of § 8.01-229* and the pleading provision of § 8.01-235.

Section 8.01-195.7 (emphasis added). The Commonwealth finds it significant that the legislature, in drafting the VTCA statute of limitations provision, chose to specifically apply § 8.01-229, which provides for the tolling of limitation periods in various circumstances. Under the maxim of statutory construction known as "*expressio unius exclusio alterius*," the Commonwealth urges the Court to interpret the inclusion of § 8.01-229 as a purposeful exclusion of all other statutes dealing with limitations of time. In other words, had the legislature intended for all time limitations to apply to the VTCA, it would not have stated one in particular, consequently, the legislature did not intend for § 8.01-6 to apply to VTCA actions.

The Court does not agree that the legislature intended to exclude § 8.01-6 from VTCA suits by not including the misnomer statute in the section of the

VTCA defining the statute of limitations. Section 8.01-6 deals with amending pleadings to correct for misnomers: it is not a statute that tolls statutory limitations. It is true that a properly amended pleading under § 8.01-6 relates back to the date of the original pleading, but "relation back" is not equivalent to halting a statute of limitations. Therefore, it would be improper to expect the legislature to include a statute governing misnomer within the section of the VTCA that defines the statute of limitations. The language of § 8.01-6 states that the statute is to apply to a misnomer "in any pleading." Given this language, the Court has no reason to believe that the legislature would want to bar plaintiffs in VTCA actions from amending their pleadings to correct for misnomer errors.

The Commonwealth next argues that even if § 8.01-6 is available to the plaintiff, the statute is not applicable to this case because plaintiff's decision to name UVMC instead of the Commonwealth does not constitute a misnomer. In order to amend his pleading and benefit from the relation back provision, plaintiff must show:

(i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for the mistake concerning the identity of the proper party, the action would have been brought against him.

Section 8.01-6. It is clear that the plaintiff's amended Motion for Judgment deals with exactly the same claims and transaction presented in the original Motion for Judgment, and, as previously noted, the original Motion for Judgment was timely filed under the VTCA. Therefore, the only issue before the court is whether the Commonwealth should have known that the plaintiff actually sought to bring the action against the Commonwealth instead of the wrongly named UVMC.

The Court finds that the plaintiff's Notice of Complaint letter should have sufficiently notified the Commonwealth that it and not UVMC was the proper defendant. The Court finds it significant that the plaintiff's letter was addressed to the Attorney General and specifically referenced "giving notice" under § 8.01-195.6, the section of the VTCA that requires plaintiffs filing suit *against the Commonwealth* under the VTCA to mail a notice of claim letter to the State Attorney General. Although the plaintiff states in the Notice of

Complaint that his intent was to file suit against UVMC, the Commonwealth should have known that it was the actual party the plaintiff sought to make liable through UVMC. See *Odom v. Commonwealth*, 22 Va. Cir. 272, 273 (City of Richmond, 1990) (holding that, in plaintiff's suit under the VTCA in which she had intended to sue the Commonwealth but had wrongly named the Medical College of Virginia as defendant instead, plaintiff was permitted to amend her pleadings because her Notice of Claim letter sufficiently notified the Commonwealth of the misnomer).

## Conclusion

Based on the above reasoning, the Court holds that § 8.01-6 does apply to claims brought under the Virginia Tort Claims Act, and, in this particular case, the elements of misnomer have been established. The Commonwealth should have known after receiving plaintiff's Notice of Claim letter that the Commonwealth was the party against whom the action was instituted. Therefore, the Court grants plaintiff's Motion to Correct Misnomer.