## CIRCUIT COURT OF ROANOKE COUNTY

Carolyn C. Hobson,
Administratrix
of the Estate of
Harry Rochelle Hobson,
deceased

v.

David Lee Francisco
and Commonwealth of Virginia,
Department of Transportation

July 26, 2004

Case No. CL 03-196

BY JUDGE ROBERT P. DOHERTY, JR.

The Plaintiff has filed a motion for judgment pursuant to the Virginia Tort Claims Act, codified at §§ 8.01-195.1 to 8.01-195.9 of the Code of Virginia (1950), as amended, seeking damages for injuries to her decedent arising from a motor vehicle accident allegedly caused by the Defendant driver while serving in his capacity as an employee of the Defendant Virginia Department of Transportation (" VDOT" ). In response, VDOT has filed a motion to quash service of process, a motion to dismiss, and a special plea in bar alleging sovereign immunity on the basis that it is not a proper party to the action. The Plaintiff responded by filing a motion to amend pursuant to § 8.01-6 of the Code of Virginia (1950), as amended, seeking to substitute the Commonwealth of Virginia as a defendant for VDOT, a state agency. For the reasons given below, the Court grants the Plaintiff's motion to amend and

grants defendant VDOT's special plea motion to dismiss with prejudice, thereby rendering the VDOT's motion to quash moot.

Defendant VDOT argues in its two motions and in its special plea that, as an agency of the Commonwealth, it is not a proper party for claims arising under the Virginia Tort Claims Act. Rather, VDOT contends that the proper party for the purpose of the Act is the Commonwealth and, consequently, any claims against VDOT should be dismissed. *See* Va. Code Ann. § 8.01-195.4 (Michie 2002). The Plaintiff argues that the law as it existed in the Commonwealth at the time the suit was filed was unsettled as to who was the proper party to name in suits against an agency of the Commonwealth. In light of the Virginia Supreme Court's recent ruling in *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242 (2004), the Court finds that the VDOT's position expresses the correct statement of the law. Accordingly, the Court finds that VDOT is protected under the doctrine of sovereign immunity as an agency of the Commonwealth and accordingly grants the Defendant's special plea in bar. As a result, the Court further grants VDOT's motion to dismiss with prejudice.

In response to VDOT's motions, the Plaintiff filed a motion to amend pursuant to Va. Code Ann. § 8.01-6, seeking to remove VDOT and add the Commonwealth of Virginia as a named party defendant. The Plaintiff contends that its naming of the agency constituted a mere misnomer and that the Commonwealth is not a new party to the suit. Section 8.01-6 permits the correction of a misnomer in a pleading so that the correction relates back to the filing of the original pleading if the claim asserted arose out of the act alleged in the original pleading and if the newly named party received adequate notice of the claim within the limitations period of sufficient quality that the party is not prejudiced in conducting its defense. "If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of a statute of limitations, provided there is no change in the cause of action originally stated." *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817 (1957). While there is no appellate jurisprudence directly on point, the facts in the instant case are analogous to those *Miller v. University of Virginia Medical Center*, 58 Va. Cir. 240 (Albemarle County 2002), and *Odom v. Commonwealth*, 22 Va. Cir. 272 (Richmond 1990). In each case, the court allowed the plaintiff who had improperly named the agency as the defendant to amend its pleading upon a showing that there was timely filing of a Notice of Claim with the Attorney General that contained sufficient information to place the Commonwealth on notice of its potential liability. Here, the Plaintiff will be advancing the same claim against the Commonwealth as it did against VDOT. Moreover, the Notice of Claim clearly showed that the Plaintiff was giving

notice pursuant to the Virginia Tort Claims Act and that the liable party was the Commonwealth of Virginia, and not VDOT. The Court finds that it is clear that a "new party is not now involved in this lawsuit, only one which was originally intended but misdescribed or misnamed." *Odom*, 22 Va. Cir. at 273. Accordingly, the Plaintiff's motion to amend is granted.