## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Tina Marie Carter

v.

Rector and Visitors of the
University of Virginia

August 4, 2004

Case No. (Civil) 00-09

BY JUDGE EDWARD L. HOGSHIRE

*Procedural History*

Tina Marie Carter brought a tort action under the Virginia Tort Claims Act (" VTCA" ) for injuries sustained from the alleged negligence of Dr. Gisele Claridge at the University of Virginia Medical Center (" UVMC" ). Ms. Carter's initial pleading, filed January 10, 2000, named Dr. Claridge and UVMC as defendants. The doctor was dismissed as a defendant by order of this Court dated August 23, 2000, because she is an employee of the Commonwealth and meets the test for sovereign immunity. The suit proceeded against UVMC, an agency of the University of Virginia. The plaintiff amended her motion for judgment to change the defendant to "The Rector and Visitors of the University of Virginia" (" UVA" ), the corporate entity under which the University and UVMC do business. UVA is an agency of the Commonwealth. UVA filed a demurrer and a plea in bar, asserting sovereign immunity as an agency of the Commonwealth.

After a hearing on UVA's pleas, this Court denied UVA's plea of sovereign immunity and motion to dismiss by an order dated October 26, 2001. UVA noted an interlocutory appeal to the Virginia Supreme Court on the question of whether this Court's denial of sovereign immunity was correct. The Supreme Court held

that it was not. *Rector and Visitors of the Univ. of Va. v. Carter*, 267 Va. 242 (2004). The Supreme Court stated that UVA cannot be liable because the VTCA waives only the sovereign immunity of the Commonwealth, not that of state agencies. The opinion concluded: "[W]e will reverse the trial court's order denying UVA's plea of sovereign immunity. The case will be remanded for entry of an order sustaining the defendant's plea of sovereign immunity and dismissing the case. Reversed and remanded." *Id.* at 246.

Ms. Carter then filed a motion for leave to amend her amended motion for judgment to change the name of the defendant to the Commonwealth of Virginia. This Court denied leave on April 30, 2004, citing the Supreme Court's ruling as dispositive of all issues. Ms. Carter has now filed a motion to reconsider this Court's denial of leave to amend. For the reasons set forth below, the Court has reconsidered its earlier ruling and will permit Ms. Carter to file another amended motion for judgment.

### Issues Presented

Whether the Virginia Supreme Court's ruling applied to the entire cause of action or only to UVA as defendant.

If Ms. Carter's claim survives the threshold issue, whether she should be granted leave to amend her motion for judgment.

### Analysis

A. *Scope of the Supreme Court's Mandate*

Ms. Carter argues that the interlocutory appeal and subsequent ruling pertains only to UVA as a party defendant. The Virginia Supreme Court did not address this issue when ruling on this interlocutory appeal. Ms. Carter cites the mandate rule for the proposition that the Supreme Court's directive governs those matters it addresses, but the trial court on remand may consider issues not covered by the Supreme Court's ruling. *See Powell v. Commonwealth*, 267 Va. 107, 127-28 (2004).

Defendant argues that the Virginia Supreme Court's directive to dismiss the case is an unambiguous directive to dismiss the negligence claim as to any possible party defendant. Defendant correctly notes that it would constitute reversible error were this Court to ignore or modify the mandate of the Supreme Court. *See Powell*, 267 Va. at 128; *Rowe v. Rowe*, 33 Va. App. 250, 257-58 (2000). Defendant further notes that the Supreme Court did not remand "for further proceedings," but only remanded for entry of an order sustaining the plea of sovereign immunity and dismissing the case. Defendant

argues that this manifests the Supreme Court's intent to have its opinion govern the disposition of the entire negligence claim as to all defendants, named and unnamed. Defendant does not cite any authority that resolves the specific question of whether this *interlocutory* mandate applied to the entire case or just to defendant UVA.

*Powell* was decided on the same day as the *Carter* interlocutory appeal. There, the Supreme Court stated:

While the opinion of an appellate court, under the doctrine of stare decisis, applies to all future cases in the trial courts, the mandate, which is the directive of the appellate court certifying a judgment in a particular case to the court from which it was appealed, speaks only to that case. Moreover, the mandate is controlling only "as to matters within its compass." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 168 (1939). Thus, while the directive of this Court's mandate binds the circuit court, that court is not thereby prohibited from acting on matters not constrained by the language of the mandate, construed in light of the appellate court's opinion.

*Powell*, 267 Va. at 128. The interlocutory appeal that was certified to the Supreme Court raised only the question of UVA's sovereign immunity. It did not deal with the merits of Ms. Carter's negligence claim. The Supreme Court answered only the question before it. This Court sustained the plea of sovereign immunity and dismissed the case against defendant UVA in an Order dated April 30, 2004. That order resolved the matters covered by the Supreme Court's directive, but should not have dismissed the entire case. This Court may therefore consider the motion for leave to amend.

## B. *Leave to Amend Motion for Judgment*

Ms. Carter has requested leave to amend to change the name of the defendant to the Commonwealth of Virginia. The Virginia Supreme Court's opinion noted, "The [VTCA's] waiver of the Commonwealth's immunity would make the Commonwealth both a proper party, and given UVA's immunity, a necessary party to a claim by Carter." *Carter*, 267 Va. at 245. Absent special circumstances, failing to add a necessary party prior to the running of the statute of limitations can be fatal to the entire cause of action. *Mendenhall v. Cooper*, 239 Va. 71, 74-75 (1990). This result arises because the court may determine that the necessary party is indispensable to the proceedings, *Id.* at 74, and an amendment to add that new necessary party will not "relate back" to the original date of filing. *Id.* at 76; *see* Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure*, §§ 4.8, 11.2 (4th ed. 2003).

The statute of limitations here has run, so Ms. Carter's claim will remain viable only if her amendment relates back. She argues that Virginia's

misnomer statute provides her with an avenue through which her amendment will relate back. *See* Va. Code § 8.01-6 (2004); Sinclair & Middleditch § 4.8; *see generally Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817 (1957). Misnomer arises when the correct party is before the Court, albeit under an incorrect name. *Swann v. Marks*, 252 Va. 181, 184 (1996) (citing *Rockwell v. Allman*, 211 Va. 560, 561 (1971)). Judge Peatross' opinion in *Miller v. University of Va. Medical Center*, 58 Va. Cir. 240 (Albemarle County 2002), is instructive here. The facts in *Miller* are similar to the case at bar, although there was no interlocutory appeal in that case. The Court's analysis will parallel that of *Miller* to determine whether the amendment relates back.

Va. Code § 8.01-6 sets forth the criteria that must be met in order for a correction of misnomer to relate back:

> An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Va. Code § 8.01-6.

Here, as in *Miller*, the claim remains the same and therefore arose out of the same "conduct, transaction, or occurrence" as the original pleading. Whether under the name of UVA or the Commonwealth, the defendant will advance substantially the same evidence, witnesses, and arguments against Ms. Carter's allegations, so no prejudice would occur. The dispositive issues before the Court are whether the Commonwealth had adequate notice of the suit and whether the Commonwealth knew or should have known that Ms. Carter actually sought to bring the action against the Commonwealth rather than against the original named defendants.

Pursuant to Va. Code § 8.01-195.6, plaintiffs filing suit against the Commonwealth under the VTCA must give notice of the claim to the Attorney General within one year of the event that gave rise to the cause of action. Va. Code § 8.01-195.6. No form is set forth by § 8.01-195.6, but the notice must specify the time and place of the injury and the agency or agencies which the

plaintiff seeks to hold liable. *See Halberstam v. Commonwealth*, 251 Va. 248 (1996) (holding notice's failure to adequately specify location of injury did not meet statutory requirements). Ms. Carter sent a letter to the Attorney General on January 11, 1999, within the one year limit specified by the statute. Va. Code § 8.01-195.6. In both *Miller* and *Odom v. Commonwealth*, 22 Va. Cir. 272 (City of Richmond 1990), the court found that the existence of a letter advising the Attorney General of the suit satisfied the second element of § 8.01-6. Ms. Carter's letter alleged Dr. Claridge's negligence and asserted that Dr. Claridge is employed by UVMC. She simply failed to note that the doctor was employed by the Commonwealth. The letter further asserted that UVMC would be liable for Dr. Claridge's negligence under respondeat superior. The letter did not mention the Commonwealth or the VTCA. The *Odom* letter cited § 8.01-195.6 and alleged that the hospital was state-owned and operated. The *Miller* notice, like Ms. Carter's, indicated that the plaintiff would seek to hold the hospital liable. Ms. Carter's letter meets the statutory requirements for advising the Attorney General of the suit.

The Court concludes that, although the Commonwealth was not a named defendant at the time of the notice, the Commonwealth knew or should have known from the letter that Ms. Carter intended to pursue the Commonwealth. The Commonwealth will not be prejudiced in mounting a defense on the merits. *Cf. Rockwell*, 211 Va. at 561 (denying leave to amend because new defendants bore no relation of interest to original defendant and were not given notice of the suit). As in *Miller*, Ms. Carter's notice did not mention the Commonwealth as a defendant, but it is not unreasonable to expect the Attorney General to make this logical step. But for Ms. Carter's use of the incorrect name of the party to sue, the Commonwealth would have been named as the defendant in the initial motion for judgment. *Accord Miller*, 58 Va. Cir. at 243-44; *Odom*, 22 Va. Cir. at 273. Ms. Carter should be given leave to amend to correct a misnomer, and, because the test of § 8.01-6 is satisfied, the amendment will relate back to the original filing date.

### Conclusion

The Court concludes that the Virginia Supreme Court's mandate to dismiss the case on an interlocutory appeal applied only to defendant UVA and did not preclude this Court from considering plaintiff's Motion for Leave to Amend her pleading. For the reasons stated above, the Motion for Leave to Amend to change the name of the defendant to "Commonwealth of Virginia" is granted.