## CIRCUIT COURT OF ROANOKE COUNTY

Carolyn C. Hobson,
Administratrix
of the Estate of
Harry Rochelle Hobson,
deceased

v.

David Lee Francisco
and Commonwealth of Virginia,
Department of Transportation

April 26, 2005

Case No. CL 03-196

BY JUDGE ROBERT P. DOHERTY, JR.

On July 26, 2004, this Court rendered a written opinion in this case that is reported as *Hobson v. Francisco*, 65 Va. Cir. 255 (2004). That opinion is not correct. This Court erroneously found that § 8.01-6, Code of Virginia (1950), as amended, was authority for the proposition that it was merely the correction of a misnomer to substitute the Commonwealth of Virginia for the Virginia Department of Transportation (VDOT) as a party defendant, retroactive to the commencement of the lawsuit. On November 5, 2004, the Virginia Supreme Court clarified the law in *Billups v. Carter*, 268 Va. 701, 712, n. 4 (2004), stating that, under facts such as these, where the plaintiff sued an agency of the Commonwealth, but not the Commonwealth itself, "Code § 8.01-6, relating to the correction of a misnomer, is inapplicable. It applies when the right person is wrongly named, not where the wrong entity is named." If a plaintiff's claim should have been filed against the Commonwealth of Virginia, but instead they mistakenly sued an agency of the

Commonwealth, the statute of limitations continues to run against the Commonwealth of Virginia until such time as it is made a party to the lawsuit.

Plaintiff claimed he was injured through the fault of VDOT and its employee on May 5, 2000. On August 31, 2000, the Plaintiff gave his statutory notice within one year of the accrual of his cause of action, as required by § 8.01-195.6. On October 31, 2001, Plaintiff filed his Motion for Judgment against VDOT and its employee. That action was nonsuited on January 24, 2003. On May 1, 2003, Plaintiff refiled his suit against the same Defendants. On April 16, 2004, Plaintiff, recognizing that VDOT was the wrong party, made his Motion to Amend in order to change the name of the Defendant from VDOT to the Commonwealth of Virginia. Even if the Court accepted that motion as a request to add a party defendant, the statute of limitations for claims against the Commonwealth had already run. Section 8.01-195.7 requires that "[a]ll claims against the Commonwealth . . . under [the Virginia Tort Claims Act] shall be forever barred unless such action is commenced within eighteen months of the filing of the notice of claim." Plaintiff, by waiting approximately forty-three months after his statutory notice before attempting to join the Commonwealth as a party to this lawsuit, allowed the statute of limitations to run. Accordingly, the Court grants the plea to the statute of limitations. The Commonwealth of Virginia is dismissed as a party defendant from this lawsuit.